# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

---

## EPITOMIZED OPINIONS
### Published only in the Abstract

---

No. 804

ADVANCE-RUMELY THRESHER CO.

v. WIRTH et.

Ohio Appeals, 9th Dist., Wayne Co.

No. 839. Decided Oct. 21, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

112. ATTACHMENT.—791. Motion f o r (841) New Trial.—Not necessary, to authorize reviewing court to review judgment, upon motion to dissolve, although weight of evidence is involved.

Error to Common Pleas.

Judgment reversed.

Critchfield & Etling, Wooster, and Wilson & Rector, Columbus, for Advance - Rumely Thresher Co.

Weygandt & Ross and A. D. Metz, Wooster, for Wirth et.

STATEMENT OF FACTS.

This was an action for damages, commenced in the Common Pleas, by defendants in error. They pleaded, in their petition, that the plaintiffs in error sold and delivered to them, a separator for threshing grain, and, as a part of the terms and conditions of said sale, the plaintiffs in error agreed and warranted that said separator was well made of good material and capable of doing as good work as other machines of the same kind, size and rated capacity, working under similar conditions. They further alleged that said separator was not as represented, and that, for this reason, they were damaged in the sum of $2,000.

At the time the petition was filed, an affidavit in attachment was filed by the defendants in error, the grounds being that the plaintiff in error fraudulently contracted the debt and incurred the obligation for which the suit had been brought, and also that the plaintiff in error was a nonresident corporation and had not complied with the laws applicable to foreign corporations.

Subsequently the plaintiff in error filed a motion to discharge the attachment, and, upon hearing, evidence was taken and, at its conclusion, the trial judge overruled the motion. The evidence was reduced to writing, incorporated in a bill of exceptions, and the case was carried to the Court of Appeals, on error, to reverse the judgment entered upon said motion.

When the motion to dissolve the attachment was overruled, the plaintiff in error did not file a motion for a new trial, and defendants in error claimed that the Court of Appeals is prevented from weighing the evidence heard upon said motion.

OPINION OF COURT

The following is taken verbatim from the opinion.

PER CURIAM.

Under our code of civil procedure, a motion for a new trial is not required to be filed under the circumstances disclosed in this case.

"2. No motion for a new trial is necessary to authorize a reviewing court to review the judgment of the trial court upon a motion to dissolve an attachment, although the weight of evidence is involved." Stone, Assignee v. Bank, 8 C.C. 636.

The same conclusion was announced by a circuit court of another district, the opinion being found in 2 C.C. (N.S.) 554.

We are, therefore, unanimously, of the opinion that we are not disabled from examining the evidence to see whether the finding of the trial court was properly made.

Judgment entered by the trial court will therefore be reversed, and, there being no evidence to sustain the allegation, the attachment is ordered discharged and the property, levied upon, released.

(Washburn, PJ., Funk, J., and Pardee, J., concur.)