**LAUB** et v **WARREN GUARANTEE TITLE**

**MORTGAGE CO** et

Ohio Appeals, 7th Dist, Trumbull Co

Decided Sept 11, 1936

W. J. Laub, Akron, for appellants.
Hoppe, Lea, Day & Ford, Warren, for appellees.

CARPENTER, J, (6th Dist) sitting by designation.

## OPINION

By NICHOLS, J.

This cause is before this court on appeal on questions of law from an order of the Common Pleas Court refusing confirmation of a sale made to plaintiffs, Fred Laub et al., in a foreclosure proceeding and ordering the sale set aside. The parties will be referred to herein as they appeared in the court below.

At the April Term, 1934, of the Court of Common Pleas, plaintiffs obtained judgment against the defendant, The Warren Guarantee Title & Mortgage Company, on the promissory note set forth in plaintiffs' petition in the sum of $24,862.53 with interest at the rate of eight per cent from February 15, 1934. The Common Pleas Court further found that to secure the payment of this note, The Warren Guarantee Title & Mortgage Company executed and delivered to the payee of such note its certain mortgage on the premises described in plaintiffs' petition and that the note and mortgage were duly assigned and transferred to the plaintiffs; that the mortgage is a good and valid lien on the premises described in the petition and that the conditions of the mortgage have been broken; and ordered, adjudged and decreed that unless the defendant shall within three days from the entry of the decree pay, or cause to be paid, to the clerk of court certain costs, and to the plaintiffs herein the sum found due as aforesaid with interest, the defendant's equity of redemption be foreclosed and that the premises be sold, and that an order of sale issue therefor to the Sheriff of Trumbull County, Ohio, directing him to appraise, advertise and sell such premises as upon execution, and report his proceedings to the court for further order.

The petition in this case further alleged that one J. Buchwalter, a former owner of the mortgaged premises and also the owner of premises immediately adjoining on the south, after acquiring the mortgaged premises, improved the same by constructing a

two story brick building covering both the premises, without having provided a partition or dividing wall between them. The premises described as lying immediately south of the mortgaged premises, being now the property of The Union Savings & Trust Company, of Warren, Ohio, were purchased from Buckwalter by it with full knowledge of such facts; that in order to segregate the two properties on foreclosure in this action it will become necessary that a partition or dividing wall be constructed between them, part of which should rest upon each of the premises an equal distance from the dividing line thereof, and the cost of construction of which should be borne by the defendant, The Warren Guarantee Title & Mortgage Company, and The Union Savings & Trust Company.

The petition prayed for the appointment of a receiver of the mortgaged premises, and that The Warren Guarantee Title & Mortgage Company and/or The Union Savings & Trust Company be required, in conjunction with the plaintiffs and at their joint expense, to construct a partition wall between the mortgaged premises and the premises immediately adjoining the same to the south.

The Common Pleas Court denied the relief prayed for as to the construction of the partition or dividing wall, no proceedings being instituted by any of the parties to reverse the judgment of the Common Pleas Court in that respect. We refer to these allegations of the petition and the order of the court in connection therewith as bearing upon the real question in controversy upon this appeal on question of law, and here it is pertinent to remark that prior to the judgment entered at the April Term 1934, and hereinabove referred to, a former judgment and decree had been entered in this action, the mortgaged premises having previously been four times offered for sale, and upon the fourth offering having been sold to the plaintiffs for the sum of $11,000, the sale being set aside by the Common Pleas Court for irregularity in the proceedings, and the former judgment having been set aside because the plaintiffs had failed to credit on the note a certain payment of $1,000.

Subsequent to the judgment and decree in foreclosure entered at the April Term 1934 of the Court of Common Pleas, under three separate additional orders the sheriff proceeded to appraise and offer for sale the premises described in the petition, the same remaining unsold for want of bidders. It was then discovered that the premises were not properly described in the petition, and on motion of plaintiffs they were permitted to amend the petition by interlineation and without reaffirmation by inserting immediately after the word "Avenue," which is the first word of the eighth line of the description on page 3 of the petition, the following: "twenty-one (21) feet north from the intersection of the east line of said Park Avenue." An examination of all of the seven appraisements and seven published notices of sale previous to the amendment of the petition shows that the premises appraised and the premises offered for sale upon the first seven occasions were not the premises described in the mortgage of plaintiffs. After the order allowing the petition to be amended by interlineation, the premises were upon order of the court reappraised at $17,500 and advertised for sale on June 4, 1935, whereupon on the 23rd day of May, 1935, a motion was filed on behalf of the receiver of The Warren Guarantee Title & Mortgage Company praying the court to postpone the sale of the mortgaged premises until after April 1, 1937, which motion was overruled by the court, and the sheriff proceeded to sell the property to plaintiffs on the 4th of June, 1935, pursuant to the published notice of sale, for $15,000. The sheriff made report of his proceedings under the order of the court showing the appraisement and sale, whereupon the receiver of The Warren Guarantee Title & Mortgage Company filed its motion in the Common Pleas Court "to withhold confirmation of the sale heretofore made by the sheriff to the plaintiffs herein unless the plaintiffs' credit upon account of the judgment heretofore obtained by them, the amount of such judgment, and waive any deficiency therein, or such other amount as the court may find to be the value of the premises so sold, and that the court require the crediting of such judgment as a condition to the confirmation of sale. This defendant further asks leave to present evidence and oral argument in support of this motion."

The last mentioned motion was filed in the Common Pleas Court on July 9, 1935. On July 23, 1935, over the objection of the plaintiffs, the court heard testimony offered on behalf of the receiver of The Warren Guarantee Title & Mortgage Company in support of the foregoing motion, and, as shown by the transcript of the docket entries in the Common Pleas Court, the matter was thereupon continued and on the 1st day of February, 1936, before any order had been made by the court upon the previous

motion to refuse confirmation of the sale, a paper without designation was filed in that court on behalf of the receiver of The Warren Guarantee Title & Mortgage Company wherein it was alleged:

"That if a resale of the real estate involved in this action is ordered he (the receiver) will bid at such sale a sum not less than $20,000. He further says that he has been authorized by the Common Pleas Court of Lake County, Ohio, to make this offer and to bid such amount at a resale. He further says that he has been authorized and does hereby deposit his certified check, payable to the clerk of this court, in the amount of $1,000 as evidence of his good faith in making this offer."

On February 28, 1936, further testimony was received by the court in the matter of the motion to refuse confirmation of the sale made to the plaintiffs, and thereafter, on the 1st day of April, 1936, the following entry was made upon the journal of the court, the plaintiffs having previously moved the court for a separate finding of facts and conclusions of law, to-wit:

"Now, at the January Term A. D. 1936, and on the 1st day of April, 1936, the following matters came on to be heard:

"1. Application for an order confirming the sale of the premises described in the amended petition herein, on report made by the sheriff of Trumbull County, Ohio, that on order of sale issued by this court, he sold said premises to the plaintiffs herein for the sum of Fifteen Thousand Dollars ($15,000), which sum is more than two-thirds of the appraised value thereof;

"2. Motion of the defendant to withhold confirmation of sale made by said sheriff to the plaintiffs herein, unless plaintiffs credit on account of the judgment heretofore obtained by them the amount of such judgment, and waive any deficiency therein, or such other amount as the court might find to be the value of the premises so sold, and the court require the crediting of such judgment as a condition to the confirmation of sale;

"3. Application by the defendant that said sale be vacated and set aside on his offer to bid not less than $20,000, if resale of said premises be ordered, with a deposit of a certified check in the amount of One Thousand Dollars ($1,000), as evidence of good faith; and

"It appearing to the court, that the plaintiff requested the court to make special findings of facts separately from the conclusions of law, before the entering of judgment herein, the court finds from the evidence adduced at the hearings, and from the arguments of counsel, that the property was appraised at the sum of $17,500 by J. J. Karl, Glenn R. Armour and W. A. Lynn, who were qualified so to act under the statute; and that the property was advertised for sale, and sold by the sheriff of Trumbull County on June 6, 1935, at public auction, to the plaintiff for the sum of Fifteen Thousand Dollars ($15,000); that said sum was more than two-thirds of the appraised value of said property, as set by the appraisers.

"The court further finds, that the appraisal, as made by said appraisers, was grossly inadequate, and that it was not a fair appraisal of the value of the property as of April 23rd, 1935; that, from the testimony of the witnesses, as to the value of the property at that time, from the rental returns, from the tax valuation as set by the county authorities, and from the actual market value of the property, as it stood at the time, that said real estate had a reasonable market value of Twenty Nine Thousand Dollars ($29,000); and that the judgment of the appraisers was grossly in error; and that the sale price of $15,000 was grossly inadequate.

"The court further finds, that the defendant has received authority from the Common Pleas Court of Lake County which appointed him receiver of The Warren Guarantee Title & Mortgage Company to bid not less than Twenty Thousand Dollars ($20,000) if resale of said premises is ordered; and to deposit his certified check, payable to the clerk of this court, in the amount of One Thousand Dollars ($1,000) as evidence of his good faith in this action; and that the check of said receiver for $1,000 has been so deposited with the clerk of this court.

"It is, therefore, ordered, that the application and motion for confirmation of sale be denied; and that the motion of the defendant, Frank J. Thomas, receiver of The Warren Guarantee Title & Mortgage Company, be, and the same hereby is sustained; and that the confirmation of the sheriff's sale is hereby denied, and such sale is hereby vacated, set aside and held for naught.

"It is further ordered, that the premises described in the plaintiffs' petition be again appraised, advertised and offered for sale by the sheriff, upon the plaintiffs' filing praecipe therefor, which they are hereby

ordered to do twenty (20) days after the entry hereof; unless notice of appeal herein be given, whereupon further proceedings hereunder shall be suspended until the final disposition of the case.

"It is further ordered and decreed, that the defendant shall bid for the premises at said sale not less than Twenty Thousand Dollars ($20,000); in default whereof the clerk of this court shall apply the proceeds of the check deposited by the defendant as evidence of his good faith in the matter to the judgment and costs.

"Exceptions are given to plaintiff and defendant;

"Bond on appeal is fixed at Five Hundred Dollars ($500.00)."

In the brief filed in this court on behalf of plaintiffs, it is stated that the issues involved in the case are whether the court has the power in a judicial sale under foreclosure proceedings:

I. To refuse to confirm and to set aside the sale when it has been made in all respects in conformity to the provisions of the statute in such cases made and provided;

II. To refuse to confirm and set aside such sale solely because of an offer of an advance bid;

III. To fix an upset price below which the sale shall not be made;

IV. To compel a receiver appointed by a court of another jurisdiction to bid at such judicial sale and at a fixed price;

V. If the court has such power to set aside a judicial sale under foreclosure proceedings for inadequacy of price, is it warranted in so doing under the evidence in this case? If so, under what theory and what cases?

## I.

Sec 11688, GC, provides as follows:

"Upon the return of any writ of execution for the satisfaction of which lands and tenements have been sold, on careful examination of the proceedings of the officer, if the court finds that the sale was made, in all respects, in conformity to the provisions of this title, it shall direct the clerk to make an entry on the journal that the court is satisfied of the legality of such sale, and that the officer make to the purchaser a deed for the lands and tenements."

Sec 11588, GC, provides:

"When a mortgage is foreclosed or a specific lien enforced, a sale of the property shall be ordered. * * *"

Sec 11588, GC, further confers power upon the Common Pleas Court to postpone a sale in foreclosure proceedings upon certain conditions which are not important here for the reason that the court overruled the motion of the defendants to postpone the sale.

An examination of the transcript of the journal entries of the court in this case shows that the last order of sale made by the court on March 21, 1935, directed "the sheriff of Trumbull County to re-appraise and advertise the real estate involved in this action, and provide for a sale thereof, according to law upon the following terms and. conditions, to-wit: one-third cash in hand; one-third in nine (9) months from date of sale; one-third in eighteen (18) months from date of sale; the deferred payments to draw six (6) per cent interest and to be secured by a mortgage on the premises."

At the time this order of re-appraisement and sale was made by the court, the description of the mortgaged premises contained in the petition had not been corrected, and this order, therefore, was in fact an order to re-appraise and sell premises which were not covered by the mortgage. We do not find that any order was made by the court to sell the mortgaged premises after the description had been corrected. Even though we may assume that the order of the court authorizing the amendment of the petition so as to set forth a correct description of the mortgaged premises therein related back to the date of the filing of the petition, it nevertheless appears from the transcript of the docket entries and from the orders of sale issued by the clerk to the sheriff, as well as from the published notices of the several sales, copies of which were made a part of the several returns made by the sheriff, that the premises actually covered by the mortgage were never appraised and never offered for sale until after the amendment of the petition upon leave of court. Assuming, but not deciding, that the order to re-appraise and sell, entered by the court on the 21st day of March, 1935, previous to the amendment of the petition, was sufficient to authorize the sheriff to appraise the premises in accordance with the corrected description and to sell the property in accordance with the corrected description, it appears that the sale ordered by the court was in conformity to §11711, GC, which provides for sales of mortgaged premises under order of court upon deferred payments.

Sec 11664, GC, provides the authority of the court to order real estate sold at execution to be upon deferred payments differing from the deferred payments upon which mortgaged property is sold under §11711, GC. It seems clear that an order to sell mortgaged premises is distinguishable from a sale upon execution. Execution, correctly speaking, is the process of the court for the collection from a **judgment debtor** of the amount of a judgment rendered against him and issues as a matter of right. A defendant, against whom a decree of foreclosure has been entered cutting off the equity of redemption in mortgaged premises, may or may not have a money judgment rendered against him and may not, therefore, be a judgment debtor, and the court may have no authority in such event to authorize an execution, it being provided by the code that **an** execution shall first be levied upon the goods and chattels of the **judgment debtor,** and for want thereof upon his lands and tenements. But in this case the court ordered the property sold "as upon execution," and although the terms of sale under which the property was offered are not the terms provided for in §11664, GC, but are the terms authorized by §11711, GC, relating to the sale of mortgaged premises, we find no claim raised by any of the parties in this respect. After the sale of the mortgaged premises the court may properly render a deficiency judgment upon which an execution may issue.

It may be said that we find no specific provision of the General Code governing the confirmation of sales made on foreclosure under order of the court, but it is the settled law of the state that all judicial sales require confirmation by the court under whose order the sales were made before becoming final and complete and that "a purchaser obtains no vested right until after the sale is confirmed, and if the confirmation, which depends upon the sound discretion of the court, is refused, the rights of the purchaser fall to the ground." **24 Ohio Jurisprudence, 60, §79,** and authorities cited.

It is the contention of counsel for plaintiffs that if the mortgaged premises were appraised and sold in conformity to the provisions relating to the sale of property upon execution and upon the return of the writ the court finds that the sale of the lands and tenements was made, in all respects, in conformity to the provisions of the title of the General Code relating to sales upon execution, no discretion is vested in the Common Pleas Court to refuse confirmation but that the court "shall direct the clerk to make an entry on the journal that the court is satisfied of the legality of such sale, and that the officer make to the purchaser a deed for the lands and tenements."

It is true that by the provisions of §11688, GC, the court is seemingly limited to "a careful examination of the proceedings of the officer." In construing §5398, Revised Statutes, now §11688, GC, the Supreme Court in the case of **Reed v Radigan, 42 Oh St 292,** at page 293, after quoting the provisions of this statute, says:

"It is maintained by the defendant in error that, the proceedings having conformed to the requirements of this enactment, there was no discretion in the court, and that it was its plain duty to confirm the sale and order a deed to the purchaser; and that, having paid the purchase money in full, he became invested with an interest in the land which could not be subsequently divested by any act of the debtor or of the court. If this construction of the provision above cited is to prevail, it will follow that in all cases where the purchaser is misled as to the title of the lands sold; **in all cases where the lands are appraised at a sum far below their true value;** in all cases where, without the fault of either party to the proceedings, competition in bidding is prevented, whereby the sale is at a sacrifice; where the judgment is suspended by appeal after the sale; and **in a variety of cases where a confirmation of the sale will work hardship and sacrifice,** the court is powerless to avert the wrong by the easy and simple means of setting aside, or refusing to confirm the sale. Such a construction of the statute and of the powers of the court is not only against the common understanding of the profession, and at variance with the uniform practice of the courts, but we believe it is, both upon principle and authority, untenable. (Emphasis ours).

"It should be borne in mind that the primary object of the sale by the sheriff is to make money due the creditor (Rorer on Judicial Sales, §20), * * *."

"'The power of the court is limited to a confirmation or vacation of the sale, as to which they are to exercise sound legal discretion, and to which all parties—the plain-

tiff, the defendant, and the purchaser—may be heard.' Peck, J., in **Trust Co. v Gibbon, 10 Oh St 566."**

Having this construction of the statute in question made by the Supreme Court, we find and hold that the question as to whether a sale of real estate by the ▮▮▮▮ sheriff in a foreclosure proceeding should be confirmed rests in the sound discretion of the court, and that an order refusing confirmation of the sale will be reversed only upon proof of an abuse of such discretion. See: **Lake Shore Saw Mill & Lumber Co. v Cleveland Realization Co., 11 Oh Ap 387; Marshall & Bros. v Flinn, 13 Dec. Rep. 632, 1 C. S. C. R. 415; Brigel v Kittredge, 5 N.P. 412, 8 O.D. (N.P.) 512; Craig, Admrx. v Fox, 16 Ohio, 563.**

This brings us to a consideration of the contention made by counsel for the defendants to the effect that in considering whether the trial court abused its discretion in refusing to confirm the sale made by the sheriff to the plaintiffs, we are not permitted to look to the bill of exceptions containing the evidence heard by the court upon the motions filed by the defendants requesting the court to refuse confirmation of the sale, it being claimed by counsel for the defendants that since the plaintiffs did not file a motion for a new trial this court is without power to review this evidence. In support of this contention counsel for defendants cite us to the case of **Snyder v Wanamaker, 17 C.C. 184, 9 C.D. 620,** wherein it is held in the syllabus:

"Where the Court of Common Pleas sets aside the settlement of a cause of action pending in such court, upon affidavits and parol testimony: Held, that in order to bring the evidence before the Circuit Court for review, it is necessary that a motion for a new trial should have been made and overruled in the court below, and thereupon a bill of exceptions taken, containing all the evidence."

No authority or reason is given in the opinion for the holding of the court and we do not find the court supported by any authority or reason. On the other hand, the great weight of authority in Ohio is to the contrary. See: **Thomas v Mangus, 2 C.C. (N.S.) 554, 15 C.D. 649; Stone, Assignee v Bank, 8 C.C. 636, 4 C.D. 354; Mercantile Trust Co. v Aetna Iron Works, 4 C.C. 579, 584, 2 C.D. 718; Advance-Rumley Thresher**

**Co. v Wirth, 5 Abs 739; Cecil v Grant, 6 C.C. (N.S.) 65, 76, 17 C.D. 442.**

Sec 11575, GC, provides:

"A new trial is a re-examination, in the same court, of an issue of fact, after a verdict by a jury, a report of a referee or master, or a decision by the court."

A motion for a new trial is, therefore, a motion for a re-examination, in the same court, of an issue of fact.

Sec 11378, GC, provides how an issue of fact arises, and is as follows:

"An issue of fact arises:

"1. Upon a material allegation in the petition denied by the answer.

"2. Upon a set-off, counterclaim, or new matter. presented in the answer and denied by the reply.

"3. Upon material new matter in the reply, which is to be considered as controverted by the adverse party without further pleading."

An examination of the code provision as to how an issue of fact arises discloses that such issue does not arise upon a motion to confirm or refuse to confirm a sale of real estate made under the order of court in a foreclosure proceeding; hence it follows that no motion for a new trial was necessary to be filed by plaintiffs upon the order of the court refusing to confirm the sale and in ordering a resale of the mortgaged premises, and in conjunction with such evidence we may, of course, consider the original papers as well as the transcript of the docket and journal entries in the trial court.

It is clear that where the right to foreclose has been established in a proper action, as in this case, the court may not, in the exercise of its equity powers, condition the right to foreclose upon the plaintiff waiving a deficiency judgment, or crediting an upset price of the mortgaged land upon the judgment, or upon any other similar condition. See: **Provident Building & Loan Association v Pekarek, 52 Oh Ap 492, (21 Abs 44), 3 NE (2d) 983.**

Motion was filed on behalf of the defendants asking the court to fix a minimum or upset price for the sale of the mortgaged premises at which the mortgaged property must be sold or bid in if a sale thereof is to be confirmed, or fix a fair value of the property and require such amount to be credited upon the judgment of the plain-

tiffs if a sale thereof is to be confirmed. But this motion was overruled by the trial court and is not a question to be determined in this case.

While the court in its order refusing confirmation of the sale made to the plaintiffs has decreed that the defendant Frank J. Thomas, receiver of The Warren Guarantee Title & Mortgage Company, shall bid for the premises a sum not less than $20,000 when the same shall have been again appraised, advertised and offered for sale by the sheriff, the court further ordered and decreed that in default of such bid the clerk of the court shall apply the proceeds of the receiver's check, deposited by the receiver as evidence of his good faith in the matter, to the judgment and costs. In the exercise of sound discretion of the court we see no reason why the court should not. have made the order requiring the receiver to bid $20,000 at the sale or in default to forfeit the $1,000 deposited, since it appears that the Common Pleas Court of Lake County, wherein the receiver was appointed, had theretofore expressly authorized the receiver to make such bid and deposit.

We think the sole question in this case was whether or not the trial court, from an examination of the proceedings of the sheriff including the appraisement of the premises and in the light of the evidence received upon the hearing of the motions made by defendants to refuse confirmation, abused its discretion. It may be stated here that the court was authorized to hear evidence for and against these motions in order that the court might be in possession of such facts as were deemed necessary to a proper exercise of the sound discretion which we hold was reposed in the trial court.

We have examined this evidence as well as the original pleadings, the transcript of the docket and journal entries, and are unable to say that the trial court abused its discretion in this respect, and we are not able to certify that substantial justice has not been done. It must be kept in mind that before this court can reverse any judgment of the trial court we must certify that substantial justice has not been done, and being unable from our examination of the record in this case to so certify it necessarily follows that the judgment of the trial court must be, and the same is hereby affirmed.

Judgment affirmed.

ROBERTS and CARPENTER, JJ, concur.