JOURNAL ENTRY AND OPINION
The appellants, Howard H. Shanker, et al, appeal the decision of the magistrate overruling their objections to the confirmation of the sheriff's sale and the trial court's decree of confirmation. For the reasons set forth below, we affirm the decision of the trial court.
On June 16, 1999, appellee, Huntington National Bank, properly recorded an assignment of mortgage with regard to property located at 1825 East 18th Street, Cleveland, Ohio, which assigned all rights, title and interest in the appellants' mortgage deed to OSF Properties, Inc. This assignment made OSF Properties the assignee and new lienholder of the appellants' mortgage.
Additionally, on August 27, 1999, the appellee and OSF Properties filed a joint motion for substitution of parties with the trial court to make the court and all other parties aware of the assignment of mortgage. This motion to substitute parties was not ruled on until January 28, 2000.
On January 3, 2000, the sheriff's department conducted a sale of the property located at 1825 East 18th Street, Cleveland, Ohio. Those in attendance for the sale included the defendant-appellant-debtor, Howard H. Shanker, and Colin Moeller, an assistant in the law firm of Weltman, Weinburg Reis, Co., L.P.A., representing the appellee, Huntington Bank. Through the bidding of Colin Moeller, the appellee was the successful bidder on the property. At the conclusion of the sale, Mr. Moeller submitted to the sheriff a Sucessful Bidder's Form which indicated that Larry Rothenberg was the attorney for the appellee, that the successful bid had been assigned, that the deed should, therefore, be issued to OSF Properties Inc., and that the deposit exception listed in Local Rule 27 applied in this particular sale. The Successful Bidder's Form was signed by Mr. Rothenberg, who had also signed a separate Notice of Assignment of Bid which was filed with the court that same day.
The appellants appeal the confirmation of the foreclosure sale and the overruling of their objections and assert the following two assignments of error:
 I. THE TRIAL COURT ABUSED ITS DISCRETION BY OVERRULING MR. SHANKER'S OBJECTIONS TO THE MAGISTRATE'S DECISION AND CONFIRMING A SHERIFF'S SALE THAT WAS NOT CONDUCTED IN ACCORDANCE WITH THE REQUIREMENTS OF LOCAL RULE 27.
 II. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED BY OVERRULING MR. SHANKER'S OBJECTIONS TO THE MAGISTRATE'S DECISION AND CONFIRMING THE SHERIFF'S SALE OF MR. SHANKER'S REAL PROPERTY SINCE THE SALE WAS FRAUDULENTLY MADE AND NO VALID BID WAS ENTERED.
This court will address both assignments of error in a single response. Upon reviewing a lower court's confirmation of a sheriff's sale, the determination of whether or not to confirm or vacate the sheriff's sale lies within the sound discretion of the trial court. Old Kent Mortgage Co. v. Delozier (Oct. 4, 2000), Lorain App. No. 99CA007463, unreported, 2000 Ohio App. LEXIS 4835, citing, Michigan Mtge. Corp. v. Oakley (1980), 68 Ohio App.2d 83, 84, 426 N.E.2d 1195. Therefore, a reviewing court will not reverse the decision of the trial court absent an abuse of discretion. Ohio Savings Bank v. Ambrose (1990), 56 Ohio St.3d 53, 55, 563 N.E.2d 1388, 1389, citing, Laub v. Warren Guar. Title Mtg. Co. (1936), 54 Ohio App. 457, 468; Lake Shore Saw Mill Lumber Co. v. Cleveland Realization Co. (1919),11 Ohio App. 387, 388.
The appellants contend that the appellees violated Local Rule 27 which requires a successful bidder to deposit ten percent of the bid. Appellants' assignments of error are without merit.
The unnumbered second paragraph of Local Rule 27 establishes an exception to the ten percent down payment and provides in part:
 When the purchaser is the lienholder after the lien of costs, taxes and assessments, the Court may order, if the lienholder or assignee is the successful bidder at sale, that the required deposit be waived and that all costs, taxes and assessments be paid upon receipt of a statement from the Sheriff of Cuyahoga County.
In this case, the appellee, Huntington National Bank, assigned all of its rights and interest under the note, mortgage, and judgment to OSF Properties, Inc. Therefore, the appellee was no longer the lienholder on the appellants' mortgage deed. However, the bidder in this case was Larry R. Rothenberg, Esq., as shown on the Successful Bidder's Form. The form was also checked in the affirmative to show that there had been an assignment of the bid as well as a Rule 27 waiver of deposit. In this case, even though Mr. Rothenberg indicated that he worked for the plaintiff in this matter, which was still considered to be Huntington, the bid was assigned to OSF Properties, Inc. The appellee further filed with the trial court a Notice of Assignment of the Bid the same day of the sale.
The purchaser at this sheriff's sale was not Mr. Rothenberg; his role was that of a bidder, a conduit to the real purchaser of the land, OSF Properties, the lienholder of the mortgage. Therefore, since OSF Properties possessed the status of lienholder, they were exempt from the ten percent down payment as required by Local Rule 27.
The appellants have failed to present any additional evidence that they were in any way harmed by the lower court's confirmation of sale or that any of the appellee's actions were not proper and constituted fraud.
Based upon a review of the record, this court cannot conclude that the trial court abused its discretion in confirming the sheriff's sale and overruling the appellants' objections to the magistrate's decision.
It is ordered that appellee recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________________ FRANK D. CELEBREZZE, JR., J.:
PATRICIA A. BLACKMON, P.J., AND JAMES J. SWEENEY, J., CONCUR.