C. F. Ackerman v. L. T. Cornell et al.

1. **Purchaser at Foreclosure Sale Held Proper Party to Prosecute Error Upon Motion Sustained to Set Sale Aside.**

A purchaser at a sheriff's sale, under a decree in foreclosure, is sufficiently a party to the action in which the sale is made to prosecute error to the circuit court to reverse the judgment of the court of common pleas upon a motion sustained by said court in setting aside the sale of the real estate made by the sheriff.

2. **Judicial Sale not Set Aside to Allow Bid of Purchaser to be Advanced by Another Purchaser.**

In the absence of fraud, irregularity or misconduct affecting the validity of a judicial sale, such sale will not be set aside and confirmation refused in order to allow the bid of the purchaser to be advanced by another purchaser.

3. **Appraiser not Preventing Bidding, Obtaining on Day of Sale Option from Purchaser, does not Affect Validity of Sale.**

The fact that one of the appraisers of the real estate did on the day of the sale obtain an option from the purchaser for a one-half interest in the premises does not affect the regularity and validity of the sale, in the absence of any showing that said appraiser did in any wise prevent any one from being present or bidding at said sale.

[Syllabus approved by the court.]

Error to common pleas court.

C. H. Workman and W. S. Kerr, for purchaser.

R. M. Greer, R. V. Owen, Cummings, McBride & Wolfe, for defendants in error

## PER CURIAM.

This proceeding in error is prosecuted to reverse the judgment of the court of common pleas of this county, arising upon a motion sustained by said court in setting aside the sale of certain real estate made by the sheriff of said county.

It appears that after the sale of certain real estate as advertised by the sheriff, to be sold at public sale, that said real estate was so offered by said sheriff when one, Rollin H.

Ackerman v. Cornell.

Cockley, bid to pay for the same sum of $4,000, which said sum was two-thirds of the appraised value of the same. That said Cockley thereupon paid to the said sheriff the sum of $100, to apply on said purchase price for said real estate, and by arrangement with said sheriff, and to his approval, he was to pay the balance of said purchase price two days later, to wit, Monday, December 11, 1911, said sale being on Saturday. That on said December 11, 1911, the said Cockley tendered said balance of said purchase money to said sheriff when he refused to accept the same because of a motion filed in said court by the receiver of the Farmers & Merchants National Bank of Mt. Vernon, Ohio, to set aside said sale for reasons stated therein. That upon a hearing of said motion by said court, supported by affidavits and oral testimony, said court set aside said sale, from which finding and judgment of said court the said Rollin H. Cockley, the purchaser of said real estate at said sheriff's sale, prosecutes error to this court.

The first question presented is, whether said Cockley can prosecute this proceeding in error? Does he sustain such a relation to this proceeding as that he is a proper party thereto? We answer the question in the affirmative, for the courts hold:

"That a purchaser at a sheriff's sale, under a decree in chancery, is sufficiently a party to the action in which the sale is made, to move for a confirmation thereof or to take any necessary steps therein to protect his rights in the premises." Barnes v. Stoughton, 6 Hun. (N. Y.) 138; Requa v. Rea, 2 Paige (N. Y.) 339; 1 Sugden, Vendors p. 83.

But it is contended that one, James Geiselman, one of the appraisers of said real estate, and the purchaser, Rollin H. Cockley, acted collusively if not fraudulently in the sale of said real estate; that said Cockley on the day of said sale, but after said sale, gave said Geiselman a written option to purchase a half interest in said real estate for $2,002; that said real estate, if properly advertised could and would have been sold for a much larger sum for which the same was bid off, and that a deposit of $1,000 was made in said court by one, Milton Wise, as guarantee that said real etate if re-advertised and put up to sale again would be sold for at least $5000. An

Richland County.

examination of this record shows that said property was regularly and legally appraised and advertised for sale on December 9, 1911, by the sheriff of said county. That on said day said property was duly offered for sale by the sheriff of said county, at public auction, that there was only one bidder for the property, that said bidder was the said Rollin H. Cockley, to whom said property was sold by said sheriff for the sum of $4,000, said sum being two-thirds of the appraised value of said property.

Said record further shows that while said Geiselman, one of the appraisers of said real estate, took a written option from said Cockley, after said sale, to purchase a one-half interest therein, it does not appear that said Geiselman in any wise prevented any one from being present or bidding at said sale, or that said sale was in any respect whatever irregular, and it further appears that said sale was regularly advertised and said Milton Wise had knowledge of the time of said sale as evidenced by the testimony of witnesses introduced upon the hearing of said motion to set aside said sale.

Upon the facts found as hereinbefore stated, we are of the opinion that said court of common pleas erred in setting aside said sale, and for such error the judgment of said court is reversed.

And it appearing to the court from the return of the sheriff of the writ of execution issued herein with his report of his proceedings and sale of the land under said writ, that said proceedings and sale have been duly and legally made and being satisfied that said sale has in all respects been made in conformity to the provisions of the statutes in such cases made and provided, and in all respects legal, the sale to R. H. Cockley is hereby approved and confirmed, and the sheriff of Richland county is ordered to make to the purchaser, R. H. Cockley, a deed, according to law, for the property so sold to him, upon the full payment of the purchase price of said premises, to wit, the sum of $4,000, and the said cause is remanded to the said court of common pleas for further proceedings according to law.

Ackerman v. Cornell.

And it is ordered by the court that the deposit of $1,000 made with the sheriff by said Milton Wise be returned to him.

Judgment reversed.