OHIO SAVINGS BANK, APPELLEE, v. AMBROSE ET AL., APPELLEES; ENGERT ET AL., APPELLANTS.

[Cite as Ohio Savings Bank v. Ambrose (1990), 56 Ohio St. 3d 53.]

(No. 89-1206—Submitted September 25, 1990—Decided December 12, 1990.)

*Brent L. English,* for appellants.

ALICE ROBIE RESNICK, J. The issue presented in this case is whether purchasers at a foreclosure sale have a vested interest in property prior to confirmation of the sale by the trial court, so as to establish standing in order to appeal a denial of confirmation.

Appellants argue that as purchasers at a judicial sale, they have the right to judicial review from the denial of confirmation. In support, appellants cite early case law which indicates that purchasers at foreclosure sales do have some type of interest in the *proceedings* prior to confirmation.[2] The often-cited case for this proposition, to which appellants direct this court's attention, is *Reed* v. *Radigan* (1884), 42 Ohio St. 292. Therein, the court stated: " * * * 'The power of the court is limited to a confirmation or vacation of the sale, as to which they are to exercise sound legal discretion, and in which all parties — the plaintiff, the defendant, and the purchaser — may be heard.' * * *" *Id.* at 294. However, the holding in *Reed* does not stand for the assertion that purchasers have a vested interest in the property prior to confirmation of the foreclosure sale. Rather, after a thorough review of *Reed* we find that its holding actually provides for the opposite conclusion.

[2] See *Ohio Life Ins. & Trust Co.* v. *Goodin* (1860), 10 Ohio St. 557; *Fiedeldey* v. *Diserens* (1875), 26 Ohio St. 312; *Central Natl. Bank of Cleveland* v. *Ely* (App. 1942), 37 Ohio Law Abs. 18, 44 N.E. 2d 822; *Ackerman* v. *Cornell* (1912), 14 Ohio C.C. (N.S.) 525, 23 Ohio C.D. 102.

Indeed, it becomes apparent that purchasers have no rights until the sale is confirmed. *Reed* clearly states that "[i]t will be found upon an examination of the authorities, that in states where confirmation is required, the purchaser obtains no vested rights until after the sale is confirmed, and if the confirmation (which depends upon the sound discretion of the court,) is refused, the rights of the purchaser fall to the ground. * * *" *Id.*

R.C. Chapter 2329 governs the procedures for executing against property. This court discussed those procedures in *Union Bank Co.* v. *Brumbaugh* (1982), 69 Ohio St. 2d 202, 208, 23 O.O. 3d 219, 222-223, 431 N.E. 2d 1020, 1025, wherein we stated:

"* * * *The statutory scheme for foreclosure proceedings is designed to protect the interest of the mortgagor.* * * * R.C. 2329.17 provides that when execution is levied upon lands, the officer who makes the levy must call an inquest of three disinterested freeholders who are residents of the county where the lands taken are situated. The appraisers must swear to impartially appraise the property and then return an estimate of the real value of the property. Thereafter, the officer must give public notice of the time and place of sale for at least 30 days before the sale by advertisement in a newspaper published in and of general circulation in the county. R.C. 2329.26. The land cannot be sold for less than two thirds of the appraised value. R.C. 2329.20. There is no statutory dictate that a hearing be held at this time. If the court, after examining the proceedings taken by the officers, finds the sale was made in conformance with R.C. 2329.01 to 2329.61, inclusive, it shall confirm the sale. R.C. 2329.31.

Where the trial court abuses its discretion in confirming the sale, a reviewing court will reverse that decision. See *Laub* v. *Warren Guar. Title & Mtg. Co.* (1936), 54 Ohio App. 457, 468; *Lake Shore Saw Mill & Lumber Co.* v. *Cleveland Realization Co.* (1919), 11 Ohio App. 387, 388." (Emphasis added.)

Confirmation of foreclosure sales regarding real property is governed by R.C. 2329.31, which provides as follows:

"Upon the return of any writ of execution for the satisfaction of which lands and tenements have been sold, on careful examination of the proceedings of the officer making the sale, if the court of common pleas finds that the sale was made, in all respects, in conformity with sections 2329.01 to 2329.61, inclusive, of the Revised Code, it shall direct the clerk of the court of common pleas to make an entry on the journal that the court is satisfied of the legality of such sale, and that the officer make to the purchaser a deed for the lands and tenements."

While the statute speaks in mandatory terms, it has long been recognized that the trial court has discretion to grant or deny confirmation: "Whether a judicial sale should be confirmed or set aside is within the sound discretion of the trial court." *Michigan Mortgage Corp.* v. *Oakley* (1980), 68 Ohio App. 2d 83, 22 O.O. 3d 76, 426 N.E. 2d 1195, at paragraph two of the syllabus. See, also, *Reed* v. *Radigan, supra,* at 294.

Therefore, we hold that purchasers at a foreclosure sale have no vested interest in the property prior to confirmation of the sale by the trial court. As a result, the purchasers have no standing to appeal if the trial court subsequently denies confirmation.[3]

---

[3] "Appeal lies only on behalf of a party aggrieved by the final order appealed from. Appeals are not allowed for the purpose of settling abstract questions, but only to cor-

Our ruling is consistent with the primary purpose and goal of a foreclosure sale: to protect the interests of the mortgagor-debtor, *Union Bank Co.* v. *Brumbaugh, supra,* at 208, 23 O.O. 3d at 222, 431 N.E. 2d at 1025, and at the same time ensure that secured creditors will receive payment for unpaid debts. An obvious corollary of this concept is the desire to obtain the maximum amount of money from the sale. Lastly, the general policy of the law is to give judicial sales a certain degree of finality. See *Michigan Mortgage Corp.* v. *Oakley, supra,* at 84, 22 O.O. 3d at 77, 426 N.E. 2d at 1196.

In the present case, the property was appraised at $108,000 and conditionally purchased by appellants for $80,000. One of the mortgagors, Mary Lou Ambrose, timely asserted her right to redeem the property.[4] Moreover, the trial court found that she had arranged a private sale that would satisfy the debts owed to *all* the lienholders, and to that end established a schedule for the payment of proceeds from the sale to the lienholders. If this court were to allow purchasers to appeal the denial of confirmation, we would be subverting the primary purpose of R.C. Chapter 2329. In other words, permitting purchasers to appeal the denial of confirmation would elevate their position above that of debtors and creditors — who are the very parties that R.C. Chapter 2329 seeks to protect. It would be illogical to grant to purchasers, who have no vested interest in the property prior to confirmation, the power to nullify a sale that is more advantageous to the debtor and creditors.

For all the foregoing reasons, we affirm the decision of the court of appeals dismissing the appeal.

*Judgment affirmed.*

SWEENEY, HOLMES, DOUGLAS and WRIGHT, JJ., concur.

MOYER, C.J., and H. BROWN, J., dissent.

H. BROWN, J., dissenting. I must dissent from the majority's conclusion that appellants have no standing, as purchasers, to appeal from an order denying confirmation of a foreclosure sale.

It is true, as the majority notes,

---

rect errors injuriously affecting the appellant." *Ohio Contract Carriers Assn., Inc.* v. *Pub. Util. Comm.* (1942), 140 Ohio St. 160, 23 O.O. 369, 42 N.E. 2d 758, syllabus. See, also, *In re Guardianship of Love* (1969), 19 Ohio St. 2d 111, 113, 48 O.O. 2d 107, 109, 249 N.E. 2d 794, 795, where the court stated: "* * * [I]t is well established in Ohio that an appeal lies only on behalf of a party aggrieved. Such party must be able to show that he has a present interest in the subject matter of the litigation and that he has been prejudiced by the judgment of the lower court. * * *" Because the appellants did not have a vested interest in the subject property prior to confirmation of the foreclosure sale, they were not "aggrieved parties." Likewise, because confirmation was denied, they have no present interest in the subject matter of this litigation and, thus, no right of appeal under long-standing Ohio law.

[4] "In considering the right of redemption, we observe that the mortgagor's right to redeem is *absolute* and may be validly exercised at *any time prior to the confirmation of sale.* See *Insurance Co.* v. *Sampson* (1883), 38 Ohio St. 672; *Sun Fire Office of London* v. *Clark* (1895), 53 Ohio St. 414, 42 N.E. 248; *Union Bank Co.* v. *Brumbaugh* (1982), 69 Ohio St. 2d 202, 23 O.O. 3d 219, 431 N.E. 2d 1020. * * *" (Emphasis added.) *Women's Federal Savings Bank* v. *Pappadakes* (1988), 38 Ohio St. 3d 143, 146, 527 N.E. 2d 792, 795.

that purchasers have no "vested interest" in the realty until the sale is confirmed. See *Reed* v. *Radigan* (1884), 42 Ohio St. 292, 294. However, the majority takes the unexplained leap from this assertion to the conclusion that the purchasers at a foreclosure sale "have *no rights* until the sale is confirmed" (emphasis added) and thus no standing to appeal.

If, indeed the purchaser has *no rights,* there would be no purpose to giving the purchaser an opportunity to be heard prior to confirmation. Yet, our cases have long recognized that the purchaser has a right to be heard[5] on the matter of confirmation. *Reed, supra,* at 294; *Ohio Life Ins. & Trust Co.* v. *Goodin* (1860), 10 Ohio St. 557, 566; *Citizen's Loan & Savings Co.* v. *Stone* (1965), 1 Ohio App. 2d 551, 553, 30 O.O. 2d 584, 585, 206 N.E. 2d 17, 20; see, also, *McBain* v. *McBain* (1864), 15 Ohio St. 337, 350 (purchaser "is a party to the sale, and ought to be held responsible, to some extent, for its regularity"). By virtue of being the successful bidder, the purchaser acquires the right to buy the realty in return for the amount bid. While this is not a "vested" interest in the *realty,* since the ability to purchase the realty is subject to confirmation by the court, it certainly is a sufficient interest in the *litigation* to confer standing to appeal, as many of our lower courts have recognized. *Citizen's Loan & Savings, supra,* at 553, 30 O.O. 2d at 585, 206 N.E. 2d at 20; *Beckman* v. *Emery-Thompson Machinery & Supply Co.* (1917), 9 Ohio App. 168, 171; *Ackerman* v. *Cornell* (1912), 14 Ohio C.C. (N.S.) 525, 23 Ohio C.D. 102.

The majority seems to have reached its conclusion on the issue of standing because it believes that appellants will not prevail on the merits. After reviewing the terms of Mary Lou Ambrose's attempted redemption, the majority states that "[i]t would be illogical to grant to purchasers * * * the power to nullify a sale that is more advantageous to the debtor and creditors."

The majority forgets that the right to appeal is not the power to nullify the judgment appealed from. Recognizing the purchaser's standing to appeal merely places the purchaser on the same footing as the debtor and creditor — each is entitled to seek review of the decision confirming or not confirming the sale. Because confirmation decisions are subject to reversal only for an abuse of discretion, see, *e.g., Reed, supra,* at 294; *Michigan Mortgage Corp.* v. *Oakley* (1980), 68 Ohio App. 2d 83, 22 O.O. 3d 76, 426 N.E. 2d 1195, an appellant must meet a heavy burden in order to win a reversal. However, standing does not depend on probability of success.

Here, appellants have alleged that the attempted redemption was not in accord with the governing statute, R.C. 2329.33. If so, the trial court's order denying confirmation of the sale would be an abuse of discretion, since no court has discretion to ignore the governing statutory law.

The efficacy of foreclosure sales depends upon the debtor, creditors and successful bidder having access to the courts for the protection of their rights. One would be reluctant to bid at foreclosure if he is left without a means of complaint where the results of a successful bid are taken away in violation

---

[5] This does not necessarily entitle the purchaser to an opportunity for a full oral presentation of testimony and argument.

See *Union Bank Co.* v. *Brumbaugh* (1982), 69 Ohio St. 2d 202, 23 O.O. 3d 219, 431 N.E. 2d 1020.

of the governing statutes. Thus, disenfranchising the legal rights of successful bidders will in the long run hurt both debtors and creditors, who rely upon foreclosure sales to attract buyers willing to commit substantial offers for the property being sold. Yet the majority has closed the courthouse doors to successful bidders — even in the face of an allegation that the statute which governs redemptions has been violated to deprive the bidder of his successful bid.

For these reasons, I would reverse the judgment of the court below and remand the cause for a hearing on the merits.

MOYER, C.J., concurs in the foregoing dissenting opinion.