COLE, Cty. Treas., Appellee,

v.

BENEDICT et al., Appellants.

[Cite as *Cole v. Benedict* (1996), 113 Ohio App.3d 561.]

Court of Appeals of Ohio,
Third District, Crawford County.

No. 3–96–09

Decided Aug. 19, 1996.

*Russell B. Wiseman,* Crawford County Prosecuting Attorney, and *Ronald E. Stocker,* Assistant Prosecuting Attorney, for appellee.

*Anthony A. Cox,* for appellants.

---

SHAW, Judge.

This is an appeal by defendant-appellant James L. Benedict and appellant Rosemont Development Corporation ("Rosemont") from the judgment of the Common Pleas Court of Crawford County denying a motion to vacate the court's order of redemption in favor of James on certain real estate and to reinstate the bid by Rosemont at the tax foreclosure sale.

In December 1994, plaintiff-appellee, Glen Cole, the Treasurer of Crawford County, filed a foreclosure complaint for delinquent real estate taxes on property owned by James located in the city of Galion, Crawford County. A judgment was entered in favor of the appellee and an order of sale was issued. The Crawford County Sheriff conducted a tax foreclosure sale on October 13, 1995, and there were two bidders on the subject property. Brian Benedict made the last bid in the amount of $21,500, but when he failed to pay that amount within the one-hour deadline, the sheriff sold the property to the other bidder, William Sherron, for the sum of $14,173.11.

Upon the filing of a motion for an order of redemption, the trial court found that James had tendered to the county treasurer the sum of $14,173.11 on October 16, 1995 for full payment of delinquent taxes owed together with court costs incurred in accordance with R.C. 5721.25. The trial court further found that the payment was made prior to confirmation of the sheriff's sale and therefore issued the order of redemption.

On December 13, 1995, Rosemont filed a motion asking the court to vacate the order of redemption and to reinstate Rosemont's alleged winning bid of $21,500 at the sheriff's sale by its agent, Brian Benedict. In its motion, Rosemont claims that the one-hour deadline to present the purchase money was unreasonable. Rosemont further claims that James, who has a contractual relationship with Rosemont, was in favor of the sale to Rosemont but was forced to redeem his property in order to protect his investment after it was sold to the other bidder. A hearing was held and the trial court thereafter overruled the motion.

Rosemont and James now jointly appeal the trial court's decision and raise the following two assignments of error:

"The judgment of the court is contrary to law as to the three legal reasons given by the trial court for overruling appellant's motion to vacate redemption of sale and reinstate sheriff's sale bid.

"The trial court abused its discretion when it refused to vacate the order of redemption and reinstate the winning sheriff's sale bid."

The case *sub judice* requires that we initially address the trial court's determination that appellant Rosemont lacked standing in the present litigation. In its entry denying Rosemont's motion, the trial court found that Rosemont was neither a party-defendant to the action nor had it filed a motion to intervene in the trial court. The court went on to note that Rosemont claims in its motion to have been the successful bidder of the subject property at the sheriff's sale. Our review of the record reveals that Rosemont's motion does contain a declaration that Brian Benedict, who made the alleged successful bid at the sheriff's sale, was bidding on behalf of Rosemont. At the hearing held on Rosemont's motion, Brian was present and also identified himself to the court as Rosemont's representative. The practical effect of his appearance in this litigation in essence establishes his representation on behalf of Rosemont.

In addressing the rights of purchasers at a tax foreclosure sale, we find that the case law on executions against property governed by R.C. Chapter 2329 provides some guidance. The Ohio Supreme Court has held that purchasers at a foreclosure sale of a mortgagor-debtor's property have no vested interest in the property sold prior to confirmation of the sale by the trial court. *Ohio Sav. Bank v. Ambrose* (1990), 56 Ohio St.3d 53, 55, 563 N.E.2d 1388, 1389–1390; cf. *Women's Fed. Sav. Bank v. Pappadakes* (1988), 38 Ohio St.3d 143, 527 N.E.2d 792 (stating title to property sold at sheriff's sale legally passed when the sale was confirmed, with all the interests of both the mortgagors and the mortgagee then vested in the purchaser). Consequently, purchasers have no standing to appeal if the trial court subsequently denies confirmation of the foreclosure sale.[1] *Ohio Sav. Bank, supra.*

On the other hand, after a tax foreclosure proceeding has been instituted and prior to the filing of an entry of confirmation of sale, the owner of the real estate ordered sold may redeem the property by tendering an amount sufficient to pay the taxes, assessments, penalties, interest, and charges then due and unpaid, together with the costs incurred in the foreclosure proceeding as determined by the court. R.C. 5721.25. In considering a similar right of redemption under R.C. 2329.33, wherein a mortgagor-debtor may redeem property sold at a sheriff's sale at any time prior to confirmation of the sale, the Ohio Supreme Court has stated that the right to redeem is absolute and may be validly exercised at any time prior to the confirmation of sale. *Women's Fed. Sav. Bank, supra,* 38 Ohio St.3d

---

1. In *Ohio Savings Bank, supra,* the Ohio Supreme Court observed that one of the mortgagors had timely asserted her right to redeem the property. The court stated that if it were to allow purchasers to appeal the denial of confirmation, the court would be subverting the primary purpose of R.C. Chapter 2329, which is to protect the interests of the debtor and creditors. *Id.,* 56 Ohio St.3d at 56, 563 N.E.2d at 1390–1391.

at 146, 527 N.E.2d at 795; accord *Hausman v. Dayton* (1995), 73 Ohio St.3d 671, 676, 653 N.E.2d 1190, 1194–1195.

■ As noted above, an order of redemption was entered by the trial court, which indicates that all money owed was paid before confirmation ·of the sale. In its entry denying Rosemont's motion, the trial court specifically found that James had redeemed his property pursuant to R.C. 5721.25. Because James redeemed his property and upon determining in accordance with the case law that Rosemont, as the alleged successful bidder, did not have a vested interest in the subject property prior to confirmation of the foreclosure sale, we therefore conclude that Rosemont has no standing in the present litigation. Moreover, recognizing that another bidder, Sherron, was sold the property at the foreclosure sale, we are reluctant to grant Rosemont standing in this action.

■ Lastly, while the notice of appeal does contain James Benedict's name, we note that the motion seeking to vacate the redemption was filed only by Rosemont. Our review of the record reveals no evidence establishing that James wanted the trial court to vacate his redemption. In its February 22, 1996 entry, the trial court noted that James made no appearance personally or through legal counsel at the hearing on Rosemont's motion. As a result, appellant James also has no standing to appeal the denial of the motion.

Accordingly, both of the appellants' assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

HADLEY, P.J., and EVANS, J., concur.