Commercial Federal Mortgage Corporation ("Commercial Federal") appeals the denial by the Lawrence County Court of Common Pleas of its motion to vacate a sheriff's sale. It argues that the trial court abused its discretion because it failed to consider the mortgagor's and mortgagee's interests over the third party buyer's interest. Bank One, N.A. ("Bank One") agrees with Commercial Federal's assertions. Because we find that the trial court did not abuse its discretion in refusing to vacate the sheriff's sale, we affirm the judgment of the trial court.
 I.
In March 1999, Commercial Federal filed a complaint seeking to foreclose on Ralph and Freda Sarson's property. Commercial Federal claimed to have the first and best mortgage on the property. Bank One is the holder of a promissory note with an approximately twenty thousand-dollar balance. The Sarson's executed a mortgage deed as security for the note. The trial court granted Commercial Federal's motion for summary judgment and entered a decree of foreclosure on the Sarson's home.
On December 13, 1999, Commercial Federal filed a notice that a Sheriff's Sale would be scheduled for January 21, 2000, and that the minimum bid would be two-thirds of the appraised amount of the home.
On January 21, 2000, Commercial Federal faxed a motion to withdraw the Sheriff's sale to the Lawrence County Clerk of Courts. However, the Sheriff held the auction and sold the property for the minimum bid to Howard and Ruth Purdue. On January 24, 2000, Commercial Federal filed a motion to vacate the Sheriff's sale and a supporting brief and affidavit. In the brief, Commercial Federal asserted that it was unable to give bidding instructions to its attorney, who had planned on attending the sale on Commercial Federal's behalf, because of a power outage at Commercial Federal's office. Commercial Federal explained that, since their mortgage on the Sarson property was guaranteed by the Veteran's Administration ("VA"), it had to obtain bidding instructions from the VA. Commercial Federal's attorney was unable to obtain these instructions due to the power outage.
The trial court held a hearing on Commercial Federal's motion. In its decision, the trial court noted that the sole reason for the motion was the alleged power outage and pointed out that the many other options for communication, e.g., e-mail, fax, Western Union, overnight mail, were neither considered nor attempted. Thus, the trial court denied the motion.
Commercial Federal appeals, asserting the following assignment of error[2]:
 I. Whether a sheriff's sale of real estate should be vacated upon motion by the first mortgagee upon whose request the order was issued, where as a result of a power failure at the first mortgagee's office in Nebraska, it was unable to communicate bidding instructions to its attorney, and was unable to obtain the Trial Court's approval of an order withdrawing the sale before it occurred, and as a result, a third party entering the minimum bid was the only bidder at the sheriff's sale.
 II.
In its only assignment of error, Commercial Federal argues that the trial court erred in denying its motion to vacate the sale of the Sarson property.
We will affirm a trial court's decision to confirm or vacate a sheriff's sale absent an abuse of discretion. Ohio Savings Bankv. Ambrose (1990), 56 Ohio St.3d 53, 55, citing Michigan MortgageCorp. v. Oakley (1980), 68 Ohio App.2d 83, at paragraph two of the syllabus. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary.Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd. (1992),63 Ohio St.3d 498, 506. When applying the abuse of discretion standard of review, we are not free to substitute our judgment for that of the trial court. In re Jane Doe I (1991), 57 Ohio St.3d 135, citing Berk v. Matthews (1990), 53 Ohio St.3d 161. The primary purpose of a foreclosure sale is to protect the interests of the mortgagor/debtor while ensuring that secured creditors receive payment for unpaid debts. Ohio Savings Bank, supra,
citing Union Bank Co. v. Brumbaugh, 69 Ohio St.2d 202, 208.
Commercial Federal asserts that this case presents a more compelling case in support of vacating the sale than other cases where a trial court has vacated a sheriff's sale. See, HomeOwners' Loan Corp. v. Wadsworth (1938), 60 Ohio App. 60 (sale vacated when creditor mistakenly believed that it had entered successful bid and therefore stopped bidding); Merkle v. Merkle (1961), 116 Ohio App. 370 (sale vacated when party became confused and stopped bidding when he meant to bid substantially more); Transohio Savings Assn. v. Bradley (Mar. 1, 1985), Lake C.P. No. 82C1V1009, unreported (sale vacated when mortgagee's counsel failed to attend sale because of scheduling mistake) Commercial Federal's argument, however, fails to take into account our limited standard of review. Even if we were persuaded by Commercial Federal's arguments, we are not free to merely substitute our judgment of that of the trial court. In re JaneDoe I at 122.
Given that Commercial Federal knew well in advance that the sale was to take place on January 21, 2000, and that neither Commercial Federal nor its attorney attempted alternate means of communication when the power went out in Commercial Federal's office, we find that the trial court did not act arbitrarily, unconscionably, or unreasonably when it denied Commercial Federal's motion to vacate. Accordingly, we find that the trial court did not abuse its discretion and affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, J. and Harsha, J.: Concur in Judgment and Opinion.
_________________________ Roger L. Kline, Presiding Judge
[2] commercial Federal failed to present assignments of error with reference to the place in the record where each error is reflected as required by App.R. 16 (3). However, it presented and argued a "Statement of the Issue Presented." In the interests' of justice, we consider its "Statement of the Issue Presented" as an assignment of error.