JOURNAL ENTRY and OPINION
Appellant Howard Shanker appeals the trial court's judgment denying his motion to vacate the sheriff's appraisal of the commercial property against which appellee Huntington National Bank (HNB) had filed a foreclosure action. Shanker assigns the following error for our review:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO GRANT SHANKER'S MOTION TO VACATE THE SECOND APPRAISAL.
Having reviewed the record and the legal arguments of the parties, we affirm the trial court's judgment. The apposite facts follow.
Appellant Howard Shanker defaulted on a mortgage held by appellee (HNB) on commercial property located at 1825 East 18th
Street in Cleveland, Ohio (Property). HNB instituted a foreclosure action, and the trial court granted judgment in favor of HNB and issued a foreclosure decree. At HNB's request, the Sheriff's Department had the Property appraised and scheduled for sale. The three appraisers engaged by the Sheriff's Department prepared and filed an appraisal dated September 8, 1997 (First Appraisal). The First Appraisal estimated the Property's value at One million fifty-thousand dollars ($1,050,000).
On January 14, 1998, Shanker filed a motion to vacate the appraisal. Shanker alleged the sheriff's appraisers based their estimate on inaccurate and incomplete information resulting in an undervaluation of the Property. Specifically, Shanker alleged the appraisers failed to view the majority of the building and an appraisal performed by Vanni and Associates, Inc. for an independent party interested in purchasing the Property estimated its value at Two million nine hundred thousand dollars ($2,900,000). The Vanni appraisal, unlike the First appraisal, considered the impact of the sale to Cleveland State University of the Emerson Building located across the street from Shanker's Property. The sale of the Emerson Building did not appear in the public records of the Cuyahoga County Recorder's Office based on Cleveland State's Exempt Status.
The trial court conducted a hearing on the motion on February 3, 1998.[1] After hearing testimony from the sheriff's appraisers, Shanker and Julian Vanni, the trial court issued an order, without opinion, granting Shanker's motion.
Based on the trial court's order, the sheriff engaged three different persons to reappraise the Property. The three new appraisers prepared and filed an appraisal dated February 10, 1999 (Second Appraisal). The Second Appraisal estimated the value of the Property at One million one hundred thousand dollars ($1,100,000) or Fifty thousand dollars ($50,000) greater than the First Appraisal.
Shanker filed a motion to vacate the Second Appraisal on April 29, 1999. Shanker argued the sheriff's appraisers failed to conduct an impartial appraisal of the Property as required under R.C. 2329.17. He alleged the appraisal lacked impartiality because it contained similar typographical errors, the appraisers had knowledge of the Emerson sale, and the appraisers reached the Appraisal, like the First, failed to consider the impact of the Emerson Building sale. Additionally, Shanker argued the Second Appraisal provided the wrong location for the Property because it described the Property as being located on West 130th Street in Middleburg Heights, Ohio. Shanker argued, therefore, the Second Appraisal contained defects which called its accuracy and reliability into question.
HNB filed its brief in opposition to Shanker's motion to vacate the Second Appraisal on June 29, 1999. HNB argued Shanker was present at the time the three sheriff's appraisers viewed the Property. Further, HNB argued the defects cited by Shanker were clerical in nature and had been corrected by the appraisers in an amended appraisal submitted to the sheriff's office on May 14, 1999. HNB attached a copy of the amended appraisal letter to its brief in opposition.
On June 30, 1999, the trial court issued an order denying Shanker's motion to vacate the Second Appraisal, without opinion. The order also authorized the Sheriff's office to schedule the Property for sale using the appraisal of $1.1 million. Shanker filed his notice appealing the court's ruling on July 29, 1999.[2]
In his sole assignment of error, Shanker argues the trial court erred and abused its discretion in denying his motion to vacate the Second Appraisal. Having thoroughly reviewed the record in this matter, we must disagree.
On appeal, Shanker argues the trial court erred as a matter of law in failing to use the $2.9 million value established by the Vanni appraisal. Shanker argues the finding of the trial court vacating the First Appraisal that the Vanni Appraisal represented the more reliable value for the Property should have been followed under the doctrine of stare decisis. This argument lacks merit in both law and fact. The record reveals the trial court made no such finding. The trial court issued its order vacating the First Appraisal without opinion or reference to the Vanni Appraisal.
In Shanker's motion to vacate the First Appraisal, he alleged the appraisers failed to inspect four floors of the six story Property. His allegation went undisputed. Failure to thoroughly inspect a property before making an appraisal may render the appraisal invalid. See Leader Mortgage Co. v. Logan (Sept. 30, 1998) Franklin App. No. 98AP-94, unreported; Glendale Federal Bankv. Brown (Jan. 21, 1994), Montgomery App. No. 13976. As failure to view the Property in its entirety was Shanker's sole defense to the First Appraisal, it necessarily formed the basis of the trial court's ruling. We find no evidence in the record that the trial court found the Vanni Appraisal more credible or that it intended, by its ruling, to adopt it for use as the sheriff's appraisal.
Further, by law, the trial court had no authority to accept the Vanni Appraisal. See Union Bank Co. v. Brumbaugh (1982),69 Ohio St.2d 202, 206, 431 N.E.2d 1020, 1024 (an appraisal by a private broker hired by a party failed to meet the requirements of R.C. 2329.17). R.C. 2329.17 governs the appraisal process performed in preparation for a mortgage foreclosure sale. R.C. 2329.17
describes the process as follows:
 When execution is levied upon lands and tenements, the officer who makes the levy shall call an inquest of three disinterested freeholders, residents of the county where the lands taken in execution are situated, and administer to them an oath impartially to appraise the property so levied upon, upon actual view. They forthwith shall return to such officer, under their hands, an estimate of the real value of the property in money.
There exists no evidence in the record that Vanni performed his appraisal in compliance with the mandates of R.C. 2329.17. Therefore, we conclude the trial court did not err in failing to use the Vanni Appraisal.
Next, Shanker argues the trial court abused its discretion by failing to vacate the Second Appraisal. For an abuse of discretion to occur, a trial court's ruling must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254,256, 662 N.E.2d 1, 3. Absent an abuse of discretion, the reviewing court will not disturb the trial court's judgment in foreclosure actions. See Ohio Savings Bank v. Ambrose (1990),56 Ohio St.3d 53, 563 N.E.2d 1388; Yurick v. Yurick Enterprises, Inc.
(Dec. 27, 1995), Wayne App. No. 95CA0039, unreported.
Shanker argues the trial court abused its discretion in failing to vacate the Second Appraisal because the sheriff's appraisers lacked impartiality. In support of this argument, Shanker called to the trial court's attention the fact that both the First and Second Appraisal transmittal letters use a small case r when making reference to Rule 27 of the Cuyahoga Court of Common Pleas and a lower case c when making reference to Cuyahoga County. Shanker also argued the second group of appraisers must have conferred with the first group because they were aware of the sale of the Emerson Building, which did not appear in the public records of the Cuyahoga County Recorder's Office. According to Shanker, the similarities in the transmittal letters, together with the appraisers' knowledge of the Emerson sale, demonstrate the Second Appraisal was tainted by the First. Based on the speculative nature of his supporting evidence, we cannot share Shanker's conclusion. At best, Shanker demonstrates the appraisers used boilerplate language and perhaps shared a source of information used by Mr. Vanni in discovering the Emerson sale.
Shanker also alleges the second group of appraisers lacked impartiality because they determined the value of the Property by consensus. Shanker argues each of the appraisers must determine the value of the Property individually and the average of three values is then used by the appraisal for the sheriff's sale. Shanker relies on a copy of the Sheriff's Return of Appraisal inTreasurer of Mahoning County v. William Davidson (decision date not provided) Mahoning C.P. No. 97CV3431, unreported, in support of this proposition.[3] However, Shanker's reliance on this case is misplaced. The Sheriff's Return of Appraisal in Davidson indicates the individual appraisal values were $450,000, $390,000 and $360,000. The average of the three figures being $400,000. However, as the Sheriff's return states:
 The consensus of the three appraisers so appointed and/or the average of the three appraisers which shall constitute their consensus, thereby being the appraisal of the Sheriff of Mahoning County, Ohio is in the amount of $450,000.00.
Contrary to Shanker's argument, the Davidson appraisers apparently reached the amount used in the sheriff's appraisal by consensus.
Shanker also argues the trial court should have vacated the Second Appraisal because it described that it contained incorrect descriptions of the Property's location. However, the record indicates the appraisers inspected the correct property and that the incorrect description in the appraisal was a clerical error. Further, the record indicates the appraisers corrected the error in an amended appraisal.
Finally, at oral argument, Shanker asserted the trial court abused its discretion by accepting the sheriff's Second Appraisal when such a large discrepancy existed between the appraised value of his property at approximately $16.00 per square foot and the value of approximately $52.50 per square foot set for the sale of the nearby Emerson Building. We disagree. Shanker fails to direct this Court's attention to any evidence demonstrating that the discrepancy in property values can not be accounted for by a difference in the condition, location or special nature of the Emerson sale. Thus, we conclude a discrepancy in value, in and of itself, fails to demonstrate an abuse of discretion by the trial court.
As it appears from the record that the Second Appraisal was conducted in accordance with the provisions of R.C. 2329.17, we conclude the court did not abuse its discretion in accepting the Second Appraisal. We conclude, therefore, the trial court properly denied Shanker's motion to vacate the second appraisal. Accordingly, we overrule Shanker's assignment of error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J., and ANNE L. KILBANE, J., CONCUR.
 ____________________________ PATRICIA ANN BLACKMON, JUDGE
[1] The parties did not provide this Court with a transcript of the February 3, 1998 hearing.
[2] Pursuant to the court's order, the sheriff's office scheduled the sale of the Property for January 3, 2000. Shanker moved to stay the sale pending this appeal. This Court denied Shanker's motion as moot on January 28, 2000.
[3] Shanker did not provide a copy of the decision in this case. Rather he attached a copy of the Sheriff's Return of Appraisal to his motion to vacate the appraisal.