JOURNAL ENTRY AND OPINION
{¶ 1} Appellants Joel and Sharon Greenberg ("Greenbergs") appeal from the judgment of the trial court which ruled in favor of Appellee United Companies Lending Corporation ("United") on the appellants' objection to the confirmation of the sheriff's sale of their home. For the reasons set forth below, we affirm the judgment of the trial court. On May 15, 1995, the Greenbergs borrowed money from United to finance the purchase of their home, executing a promissory note and mortgage on their home in Solon. On June 27, 1996, United filed a complaint in foreclosure alleging that, by reason of default under the terms of the note and mortgage, the note was due and the Greenbergs were to pay United $145,348. United sought judgment on the note and foreclosure of the mortgage. The Greenbergs did not file an answer therefore confessing all of the allegations in the complaint.
 {¶ 2} Between August 5, 1996 and July 20, 1999 the Greenbergs filed five voluntary petitions in Bankruptcy court, at which times the case was stayed during the pendency of the bankruptcy proceedings. On October 13, 1999, a magistrate granted United's motion for a default judgment against the Greenbergs ordering full payment to United within three days to avoid foreclosure and a sheriff's sale. Thereafter, the trial court adopted the magistrate's decision on December 2, 1999.
 {¶ 3} The Greenbergs filed another voluntary petition in Bankruptcy court on February 9, 2000, upon which an automatic stay was granted. A sheriff's sale was inadvertently held during this stay, however after receiving notice of the stay, United moved to set aside the sale, which the trial court granted. The automatic stay was finally terminated on June 4, 2001.
 {¶ 4} On October 10, 2001, the property was appraised at the Greenbergs' property at $155,000 and was sold at a sheriff's sale on November 19, 2001 for $148,000. Prior to the confirmation of the sale, the Greenbergs filed a motion for extension of time to redeem the property and a motion to continue the confirmation of the sale for thirty days. The Greenbergs wished to redeem the property and allow a third party to submit a demption offer sufficient to pay the "short pay-off" balance of $140,000 to United. The motion to continue the confirmation of the sale for thirty days was granted. On January 7, 2002, the Greenbergs additional and final extension of time to redeem the property was denied and the Sheriff's sale was confirmed. The Greenbergs filed an objection to the confirmation of the sheriff's sale, alleging non-compliance with $2329.17 due to a failure of the appraisers to actually view the lands and tenements subject to the judgment and decree of foreclosure prior to valuing the said lands. The Greenbergs also contested the value of the appraisal, attaching as evidence of undervaluation an appraisal that was conducted two years prior to valuing the property at $192,500.
 {¶ 5} The trial court overruled the Greenbergs' objection to the confirmation of the sale, stating, inter alia, that the appraisal complied with R.C. 2329.17. It is from this ruling that the Greenbergs now appeal, asserting one assignment of error for our review.
 {¶ 6} "I. The trial court erred in confirming the sheriff's sale pursuant to ORC Section 2329.31 due to irregularity in the foreclosure case."
 {¶ 7} In their sole assignment of error, the Greenbergs contend that the trial court erred in confirming the sheriff's sale, which they alleged to be defective due to a failure to appraise the property in conformity with R.C. 2329.17. We disagree.
 {¶ 8} We note at the outset that a trial court's decision to confirm the sale of the sheriff is reviewed under an abuse of discretion standard. Ohio Sav. Bank v. Ambrose, 56 Ohio St.3d 53.
 {¶ 9} R.C. 2329.17 provides:
 {¶ 10} "When execution is levied upon lands and tenements, the officer who makes the levy shall call an inquest of three disinterested freeholders, residents of the county where the lands taken in execution are situated, and administer to them an oath impartially to appraise the property so levied upon, upon actual view. They forthwith shall return to such officer, under their hands, an estimate of the real value of the property in money."
 {¶ 11} The Greenbergs aver that the land appraisal conducted on October 10, 2001 was defective because the appraisers failed to conduct the appraisal "upon actual view." Specifically, the Greenbergs contend that the appraisers failed to inspect the interior of their home. In their objection to the confirmation of the sale filed before the trial court, the Greenbergs nakedly asserted: "In the within matter the appraisers did not enter upon the land and building being appraised * * *. Instead, the appraisers used some other basis for establishing the appraised value and the minimum bid." (P. 3) The Greenbergs, however, failed to proffer to the trial court or now on appeal, even a modicum of evidence in support of the assertion that the appraisers did not comply with the mandates of R.C. 2329.17. As the Second Appellate District aptly noted, "naked assertions in motions are not evidence." Glendale Fed. Bankv. Brown (1994), Montgomery App. No. 13976. It is the duty of the appellant to demonstrate his assigned error through an argument that is supported by facts in the record. See App.R. 16 (A)(7); State v. Watson
(1998), 126 Ohio App.3d 316, 221.
 {¶ 12} In the absence of any type of facts or evidence to support the appellants' seemingly baseless assertion, we cannot say that the trial court abused its discretion in confirming the sheriff's sale. The trial court had no evidence before it upon which it could have determined that the sheriff's sale did not conform to R.C. 2329.17. Similarly, on appeal, the record is devoid of evidence of non-compliance with the law. Therefore, we find this assignment of error to be without merit.
Judgment affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and PATRICIA ANN BLACKMON, J., concur.
N.B. This entry is an announcement of the court's decision. See App.R.22(B), 22(D) and 26(A); Loc.App.R.22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1).