OPINION
{¶ 1} Appellant Mark E. Schlecht ("Schlecht") brings this appeal from the judgment of the Court of Common Pleas of Marion County setting aside a sheriff's sale.
 {¶ 2} On August 30, 2002, a parcel of real estate was offered for sale by the Sheriff of Marion County. The appraised value of the parcel was $65,000. At the sale, Schlecht was the successful bidder at $56,100. On September 3, 2002, appellee Wells Fargo Bank ("Wells") sought to have the sale set aside. The basis for its motion was that its agent had been confused and stopped bidding before he was supposed to do so. On September 5, 2002, Schlecht filed a motion to intervene and for specific performance. The trial court overruled the motion to intervene and granted Wells' motion to vacate the sale. It is from this judgment that Schlecht appeals and raises the following assignment of error. Where a judicialsale has been held and conforms to the requirements of [R.C. 2329.01-61inclusive], then it is not an abuse of discretion for the trial court tooverrule [Well's] motion to set aside the Sheriff's sale and preventconfirmation of sale.
 {¶ 3} This court may not address Schlecht's assignment of error because Schlecht has no standing to bring the appeal. [P]urchasers at aforeclosure sale have no vested interest in the property prior toconfirmation of the sale by the trial court. As a result, the purchasershave no standing to appeal if the trial court subsequently deniesconfirmation.
 {¶ 4} Ohio Savings Bank v. Ambrose (1990), 56 Ohio St.3d 53, 55,563 N.E.2d 1388. Since the sale had not been confirmed, Schlecht does not have standing to appeal the trial court's decision to vacate the sale. Thus, the appeal is dismissed.
Appeal dismissed.
SHAW and CUPP, JJ., concur.