**Nazih SAKER, Plaintiff–Appellant,**

v.

**NATIONAL CITY CORPORATION; Angelo Principi; National City Mortgage Company; Principi Reality, Defendants–Appellees.**

No. 02–3587.

United States Court of Appeals,
Sixth Circuit.

Jan. 26, 2004.

Leonard W. Yelsky, Yelsky & Lonardo, Cleveland, OH, for Plaintiff–Appellant.

Charles J. Palmeri, Charles J. Palmeri Company, Pepper Pike, OH, Timothy J. Fitzgerald, Gallagher, Sharp, Fulton & Norman, Cleveland, OH, for Defendants–Appellees.

Before SILER, BATCHELDER, and COOK, Circuit Judges.

BATCHELDER, Circuit Judge.

Nazih Saker ("Saker") appeals the decision of the district court granting summary judgment in favor of National City Corp. ("National City") on Saker's claims for trespass, conversion and negligence stemming from National City's taking possession of Saker's residence following a state court judgment in foreclosure and a sheriff's sale of the premises. Because we conclude that the district court lacked subject matter jurisdiction based upon the principles announced in the *Rooker–Feldman* doctrine, we will vacate the judgment of the district court and remand the case for dismissal with prejudice.

**I.**

Saker obtained a mortgage loan and an equity line of credit from National City for a property in Austintown, Ohio. When he became delinquent in his payments, National City brought a foreclosure action in the Mahoning County Court of Common Pleas. Saker was properly served, but failed to respond. Accordingly, on December 3, 1998, a default judgment was en-

tered against Saker, in which the court found that he was "barred from asserting any right, title or interest in the subject premises." The order also decreed that

> unless the sums herein found due [National City], together with the costs of this action, be fully paid within three (3) days from the date of this Judgment Entry, the equity of redemption of all defendants in and to the Premises shall be foreclosed and there shall be no further equity of redemption, and that an Order of Sale shall issue to the Sheriff of MAHONING County directing him to appraise, advertise and sell the Premises at public sale as upon execution and according to law, free and clear of all interests and claims of all parties to this action.

The record does not reflect, and Saker does not claim to have entered, an appeal of this judgment. Because Saker did not satisfy the debt, the property was sold at a sheriff's sale on April 20, 1999, where National City was the successful bidder.

Following the purchase, National City retained Principi Realty to prepare the property for sale. Angelo Fatobene ("Fatobene") of Principi Realty claims that he was contacted by Saker on or about May 10, 1999, at which point Saker advised him that he was in the process of moving out of the house, and would need until June 1, 1999, to vacate the premises completely. Fatobene stated that during the course of the summer, the utilities and mail delivery were stopped, and the yard fell into disrepair. Because the property appeared to be abandoned, in August, 1999, Principi Realty rekeyed the locks to protect the property. The parties disagree about exactly what took place thereafter, but Saker claims that his personal property remaining in the house was disposed of by order of National City Bank, prior to the entry of any order of confirmation of sale or writ of possession, in violation of Ohio law. On August 8, 2000, Saker filed this complaint sounding in diversity in the Northern District of Ohio against National City Corp. and Principi Reality, alleging trespass on real property, conversion of personal property, and negligence in discarding personal property. The defendants filed a Joint Motion for Summary Judgment that the district court granted. This timely appeal followed.

## II.

Saker argues that summary judgment is improper because until the order of confirmation of sale issued, he retained exclusive control of the property under Ohio law. *See Hausman v. Dayton*, 73 Ohio St.3d 671, 653 N.E.2d 1190, 1194 (1995) (stating that "until a mortgage is foreclosed and a sale consummated, or until a mortgagee obtains possession by ejectment proceedings, the fee to mortgaged real estate ... remains in the mortgagor.") (internal quotation omitted).

Under Ohio law, a judgment debtor has the right to redeem his property prior to the Order of Confirmation. *See* Ohio Rev. Code Ann. § 2329.33. Ohio courts have interpreted the relevant sections of the code as precluding a purchaser from obtaining a vested interest in the property prior to the Order of Confirmation. *See Ohio Savings Bank v. Ambrose*, 56 Ohio St.3d 53, 563 N.E.2d 1388, 1390 (1990). As between the mortgagor and mortgagee, the Ohio Supreme Court has declared that

> after a mortgagor defaults, legal title passes to the mortgagee only as between the mortgagor and the mortgagee. As to the rest of the world, title remains in the mortgagor until the mortgagee forecloses on the mortgage and the sale is consummated, the mortgagee recovers possession of the property by ejectment proceedings, or the mortgagee otherwise

extinguishes the right of the mortgagor to redeem.

*Hausman,* 653 N.E.2d at 1194 (citing *Levin v. Carney,* 161 Ohio St. 513, 120 N.E.2d 92 (1954)).

All of Saker's claims in this federal lawsuit are contingent upon his claim that, as a matter of Ohio law, until the order of confirmation of sale was entered by the Mahoning County Court of Common Pleas, his property rights were absolute, and National City possessed no rights to the property. But the question of Saker's rights to the property was decided by the December 3, 1998, order of the Mahoning County Court of Common Pleas, which "barred [Saker] from asserting any right, title or interest in the subject premises[,]" and forever foreclosed his equity of redemption unless the debt to National City Bank was paid in full within three days from the date of that order. Saker did not appeal that order. Because Saker's claims call into question the state court order, we must first determine whether the federal court has subject matter jurisdiction over these claims.

The *Rooker–Feldman* doctrine, derived from *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), decrees that lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings or to adjudicate claims which are "inextricably intertwined" with issues decided in state court proceedings.[1] *See Peterson Novelties, Inc. v. City of Berkley,* 305 F.3d 386, 390 (6th Cir.2002). We have said that we determine whether *Rooker–Feldman* applies in a given case by engaging in two inquiries: first, whether the federal claim is "inextricably inter-

twined" with the claim asserted in the prior state court proceeding, and second, whether the federal claim raises a "specific grievance" that the state law applied in the state action was invalidly or unconstitutionally applied in the plaintiff's particular case. *Hutcherson v. Lauderdale County, Tennessee,* 326 F.3d 747, 755–56 (6th Cir. 2003). We conclude that in this case, both inquiries are satisfied.

> In defining what is meant by "inextricably intertwined," this court has found that a federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.

*Catz v. Chalker,* 142 F.3d 279, 293 (6th Cir.1998) (quoting *Keene Corp. v. Cass,* 908 F.2d 293, 296–97 (8th Cir.1990) (quoting *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 25, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring))), *amended by* 243 F.3d 234 (6th Cir.2001). It is readily apparent that Saker's federal claim succeeds only to the extent that the Mahoning County Court of Common Pleas wrongly found that Saker was barred from asserting any right, title or interest in the property and wrongly held that Saker's equity of redemption in the property was foreclosed three days after the December 3, 1998, judgment was entered. His federal claim for relief could be predicated only upon a conviction that the Mahoning County Common Pleas court was wrong. Sak-

---

1. Because *Rooker–Feldman* concerns federal subject matter jurisdiction, this court may raise the issue *sua sponte* at any time. *See*

*Franzel v. Kerr Mfg. Co.,* 959 F.2d 628, 630 (6th Cir.1992).

er's claims of trespass, conversion and negligence are, at bottom, claims that the Mahoning County Common Pleas Court's December 3, 1998, order cutting off Saker's equity of redemption and barring him from asserting any right, title or interest in the property was an invalid application of Ohio law, permitting National City Bank to enter the property and dispose of Saker's personalty in violation of Saker's rights.

Were we to provide the relief sought by Saker, we would, in substance, be reviewing–and overturning–the judgment of the common pleas court. As the *Rooker–Feldman* doctrine makes clear, in our federal system, neither the district court nor this court may sit in appellate review of a state court's adjudication. Saker had an opportunity for appeal-and that opportunity resided in state court. Having sat on his right to appeal, he may not now seek to use this court's diversity jurisdiction to execute an end-run around a final state court judgment.

### III.

For the foregoing reasons, we VACATE the judgment of the district court and REMAND this case with instructions that it be DISMISSED with prejudice for lack of subject matter jurisdiction.