DECISION
{¶ 1} Defendant-appellant, Ajamu M. Kafele, appeals from a judgment of the Franklin County Court of Common Pleas setting aside the sale of defendant's property pursuant to sheriff's sale. Because the trial court erred in setting aside the sale, we reverse.
 {¶ 2} Defendant owned the subject property located at 110 Champion Avenue, Columbus, Ohio. Plaintiff-appellee, Treasurer, Franklin County, Ohio, filed an action in foreclosure based upon unpaid taxes. Carl H. Woodford successfully bid on the property at sheriff's sale. He subsequently filed a "Motion to Withdraw Bid and Recover Deposit," citing vandalism that had depreciated the property in the period between his successful bid at auction and the trial court's consideration of the proposed judgment entry confirming sale of the property. Defendant opposed the motion and filed a corresponding memorandum asking the court to confirm the sale. On February 14, 2005, the trial court entered judgment granting Woodford's motion and ordering that the successful bid and purchase at sheriff's sale be set aside and Woodford's deposit be refunded.
 {¶ 3} Defendant appeals, assigning the following errors:
1. The Trial Court erred and/or abused its discretion when it set aside the Sheriff Sale and refused to confirm the sale that was properly conducted, and would not hold the contracted buyer in contempt if the sale was not consummated.
2. The Trial Court erred and/or abused its discretion when it considered pleadings to set aside a properly conducted Sheriff Sale and deny confirmation of sale from a party not having a cognizable legal interest in the property or civil action.
 {¶ 4} As an initial matter we consider plaintiff's arguments asserting that defendant has no standing to object to the trial court's refusal to confirm the sale, and thus no standing to bring this appeal. Plaintiff also argues that the trial court's order refusing to confirm the sale is not a final appealable order.
 {¶ 5} Without question, defendant was a party to the proceedings in the trial court, being the named defendant in the foreclosure action. After the entry of judgment granting foreclosure, defendant retained an interest in the proper distribution of proceeds from the sale, as he was entitled to the residue after payment of lienholders. R.C. 2329.44. Although plaintiff asserts that the tax and lenders' liens far exceed the sale price of the property in this case, and that defendant has no reasonable expectation of residue, the record is not conclusive on the issue. Moreover, even if that be the likely case, we see no reason to entirely ignore defendant's right to the orderly and proper payment of his creditors, who may well have recourse against defendant personally for the loan amounts that remain unpaid through sale proceeds. We accordingly conclude defendant has standing to pursue the present appeal.
 {¶ 6} Although no case has addressed whether a debtor may appeal a denial of confirmation, the courts have held that a successful bidder may not appeal a denial of confirmation. See, e.g., Ohio Savings Bank v. Ambrose (1990), 56 Ohio St.3d 53. Those holdings, however, are typically based on the absence of a vested interest in the property by the purchaser prior to confirmation of the sale. The position of the debtor in this respect is distinguishable. The denial of confirmation, for the reasons noted above, affects a substantial right. It also prevents a judgment favorable to defendant insofar as defendant seeks to preserve the sale as the optimal result from the trial court proceedings. The trial court's order thus meets the standard for a final appealable order under R.C. 2505.02.
 {¶ 7} Because the trial court has rendered a final appealable order, and defendant has standing to appeal that order, we address the merits of defendant's appeal, first considering defendant's second assignment of error. It asserts the trial court erred in addressing Woodford's motion to set aside the sale. Defendant contends Woodford did not have standing in the trial court to bring such a motion.
 {¶ 8} Although defendant rightly asserts that a purchaser at foreclosure sale has no vested interest in the property prior to confirmation, and therefore has no standing to appeal from a denial of confirmation, Ohio Savings Bank, at 55, purchasers in foreclosure actions have "the right to intervene and participate to protect their interests incident to the sale" prior to confirmation. Mid-American Natl. Bank v. Heiges (Nov. 18, 1994), Ottawa App. No. 94OT025, citing Reed v. Radigan (1884),42 Ohio St. 292, 294. Accordingly, once Woodford became the successful bidder at sheriff's sale, he had standing to appear in the trial court and to move to protect his acquired interest in the property, although better practice may have been to move to intervene prior to doing so. Mid-American Natl. Bank, supra. Defendant's second assignment of error is overruled.
 {¶ 9} Defendant's first assignment of error asserts the trial court abused its discretion when it refused to confirm Woodford's purchase of the property at sheriff's sale. In an affidavit included with his motion to withdraw his bid and recover his deposit, Woodford averred that "the property which is the subject of this action has been repeatedly vandalized and damaged since the time of sale, and that the damages to the property are extensive and ongoing." According to the motion, two months had elapsed since the sheriff's sale, and Woodford, who could not take possession of the property until the deed was presented to him after confirmation, was unable to protect the property from vandalism.
 {¶ 10} Pursuant to R.C. 2329.31, "on careful examination of the proceedings of the officer making the sale, if the court of common pleas finds that the sale was made, in all respects, in conformity with sections 2329.01 to 2329.61, inclusive, of the Revised Code, it shall direct the clerk of the court of common pleas to make an entry" confirming the sale. Whether to grant or deny confirmation of a foreclosure sale under this provision rests within the sound discretion of the trial court. OhioSavings Bank; Reed; Michigan Mortgage Corp. v. Oakley (1980),68 Ohio App.2d 83.
 {¶ 11} Persuasive precedent compels us to conclude that the trial court abused its discretion in the present case. "A purchaser of real estate at a judicial sale, who fails to object, bears the risk of natural depreciation or of accidental damage to the property which occur [sic] due to long delays in the proceedings." Mid-American Natl. Bank, supra. An exception exists for "preventable damage occurring after the sale, caused by deliberate acts of the owner in possession." Id.
 {¶ 12} Here, Woodford did not allege before the trial court that defendant was responsible for the alleged vandalism, either through his personal acts or by denying Woodford access after the sale that led to an inability to protect the property. Woodford only alleged that, due to "lack of title," he had been unable to access the property. Under those facts, Woodford was in the position of a purchaser, as contemplated in Mid-American Natl.Bank, who has failed to "object" and seek appropriate protection from the court to prevent deterioration of the property. The only "objection" Woodford made was to seek to avoid the purchase itself, but only after the damage already had occurred. Because Woodford as purchaser bore the risk of such damage, other than that resulting from the acts of the debtor-in-possession, the trial court's granting relief by vacating the sheriff's sale is a remedy that directly contravenes expressed law in Ohio and thus is an abuse of discretion. Defendant's first assignment of error accordingly is sustained, and this matter must be remanded for confirmation or denial of the sale on legally permissible grounds.
 {¶ 13} Having overruled defendant's second assignment of error, but having sustained defendant's first assignment of error, we reverse the judgment of the trial court and remand this matter for further proceedings in accordance with law consistent with this decision.
Judgment reversed and case remanded.
Klatt and Sadler, JJ., concur.