OPINION
This appeal is from a judgment entered by the Trumbull County Court of Common Pleas, Probate Division, ordering and confirming the sale of real estate owned by Rose Mogul ("the ward").[1] For the reasons adduced below, the judgment of the probate court is affirmed.
The following facts briefly summarize the circumstances surrounding this appeal. On February 19, 1998, appellee, Sky Financial Group, Inc., the guardian of the estate of Rose Mogul, filed a complaint seeking authority to sell certain real estate owned by the ward in order to provide funds for her care.[2] Michael Mogul, the person entitled to the next estate of inheritance from the ward in the real estate in question, was named a party defendant as required by R.C. 2127.13(C) and is the appellant herein.
Appellant was served with the complaint and summons on March 5, 1998.[3] On April 3, 1998, the twenty-ninth day after service, appellant filed a motion to enlarge the time in which to respond to the complaint, asserting that he was suffering from a severe sinus infection.[4] In a judgment entry dated April 7, 1998, the trial court struck from the record appellant's motion.
The case proceeded, and on August 25, 1998, the probate court authorized the sale of the property and appointed an appraiser. After receiving the appraiser's report, the probate court confirmed the appraisement at $50,000 and ordered a sale of the property on December 14, 1998. The following day, an order of private sale was issued. Eventually, the probate court confirmed the sale and ordered delivery of the deed to the purchasers upon receipt of the purchase price of $45,000, reasoning that the sale was fair and legal.
After the issuance of the February 7, 2000 judgment entry confirming the sale and ordering distribution, appellant filed a notice of appeal on March 8, 2000, submitting fifteen assignments of error for our consideration:[5]
 "[1.] The Probate Court committed reversible error in permitting its signature on the confirmation order to be rubber-stamped.
 "[2.] The Probate Court committed reversible error in excluding Mike [appellant] from the proceedings by refusing to appoint him a guardian ad litem if it believed him to be incompetent.
 "[3.] The Probate Court committed reversible error in striking Mike's motion to enlarge the time in which to move or plead as it contained meritorious matters, including a right to demand exoneration, that personalty of the ward be exhausted before his mother's realty was sold.
 "[4.] The Probate Court committed reversible error and denied Mike of due process of law as guaranteed by Section 16 of Article I of the Ohio Constitution and Section 1 of the Fourteenth Amendment to the Constitution of the United States of his First Amendment right to petition Government for a redress of grievances when he was a named party.
 "[5.] The Probate Court committed reversible error by not carefully reviewing its proceedings before confirming under R.C. 2127.35.
 "[6.] The Probate Court committed reversible error by failing to note it had not authorized a private sale of Rose's land under R.C. 2127.32.
 "[7.] The Probate Court committed reversible error in failing to consider who was entitled to the next estate under R.C. 2127.13(C) when Mike alerted it his minor children were named devisees under Rose's will, and in failing to appoint a guardian ad litem for them.
 "[8.] The Probate Court committed reversible error in ordering a sale of Rose's land when it overlooked Sky's failure to identify the lawful claims then existing against Roses' [sic] estate, and determine the amount of the deficiency of her personalty to meet these claims.
 "[9.] The Probate Court committed reversible error when it failed to require guardian Sky to post an additional bond as required by R.C. 2127.27 before the sale.
 "[10.] The Probate Court committed reversible error in failing to require guardian Sky to provide details of the amount of the personalty was deficient so that interested parties could apprise themselves of the amount of the bond they may give to prevent the sale under a motion akin to that allowed under R.C. 2127.31.
 "[11.] The Probate Court committed reversible error and denied Rose of due process of law when it did not consider whether guardian Sky showed any facts showing the reason and necessity for the sale of Rose's 20.16 acres.
 "[12.] The Probate Court committed reversible error when it did not consider whether Rose would be prejudiced under the Medicaid statutes when shortly before her debilitating stroke she had a buyer willing to pay triple what was received by Sky.
 "[13.] The Probate Court committed reversible error and denied Rose of due process of law when it did not appoint a guardian ad litem when guardian Sky failed to allege in its complaint it had no adverse interest to its ward, Rose.
 "[14.] The Probate Court committed reversible error and denied Rose of due process of law when it did not appoint a guardian ad litem, when such an appointment was necessary for said appointee to obtain judicial immunity for her acts, and failed to cite guardian Sky to cause the appointment of a guardian ad litem in the adversary land sale action.
 "[15.] The Probate Court committed reversible error and denied Rose of due process of law it knew her to be incompetent because it had previously determined Rose to be incompetent, as guaranteed by Section 16 of Article I of the Fourteenth Amendment to the Constitution of the United States."
 For organizational purposes, we will first address assignments of error seven through fifteen, followed by the fifth and sixth assignments of error. Then, we will proceed to consider assignments of error one through four.
Because assignments of error seven through ten are interrelated in that they challenge the probate court's decision to order the sale of the ward's real estate, we will consolidate these assignments for purposes of analysis and resolution.
The judgment entry of December 14, 1998, issuing the order of sale was akin to an order for foreclosure and sale. As such, it was a final appealable order. Oberlin Sav. Bank Co. v. Fairchild (1963),175 Ohio St. 311, 312-313 (holding that a judgment entry ordering a foreclosure sale and finding the amounts due the various claimants is a final appealable order). See, also, Durnbaugh v. Sutton (Nov. 7, 1991), Greene App. Nos. 91 CA 14 and 90 CA 141, unreported, at 2-3, 1991 WL 249529 (holding that an order of sale in a partition proceeding constitutes a final appealable order). However, no notice of appeal was filed within thirty days of the December 14, 1998 final order as required by App.R. 4(A). Instead, appellant appealed the judgment entry confirming the sale and ordering distribution, dated February 7, 2000.
Because no timely appeal was filed from the December 14, 1998 judgment entry for the order of sale, this court lacks jurisdiction to address any issue concerning the order of sale. Appellant's seventh, eighth, ninth and tenth assignments of error are, therefore, without merit.
Again, to facilitate review, we will consolidate assignments of error eleven through fifteen. In these assignments, appellant takes issue with the probate court's decision to order the sale of the ward's real estate in reference to the rights and interest of his mother, the ward in question. These issues could have been raised in an appeal of the order of sale. However, as previously articulated, there was no such timely appeal. Hence, we lack jurisdiction to consider any issue pertaining to the order of sale. Even if we were able to address these assignments of error, they are without merit.
A fundamental principle of appellate procedure requires that the party presenting a claim have standing to properly raise this claim before this court. In other words, a party may only assert violations of his or her own rights and not those of a third party. Warth v. Seldin (1975),422 U.S. 490, 499.
A litigant, however, may assert the rights of a third party if the following factors are satisfied: [1] "[t]he litigant must have suffered an `injury in fact,' thus giving him or her a `sufficiently concrete interest' in the outcome of the issue in dispute; [2] the litigant must have a close relation to the third party; and [3] there must exist some hindrance to the third party's ability to protect his or her own interest." (Citations omitted.) Powers v. Ohio (1991), 499 U.S. 400,411.
In assignments of error eleven through fifteen, appellant attempts to present issues that should have been presented by the ward's guardians adlitem. Even if we assume, arguendo, that appellant has a significant stake in the sale of the real property and a close relationship with his mother, he has not demonstrated a substantial hindrance to his mother's ability to assert her own rights.
The record reveals that Susan McNally ("McNally") and appellee were appointed as guardians ad litem for appellant's mother.[6] It follows that it is the guardians ad litem, and not the appellant, who have standing to assert the rights and interests of the ward in this matter. As such, only the guardians ad litem have standing in their respective representative capacity to assert by legal action whatever interests the ward may possess. See, e.g., Rolfes v. Gallagher (May 27, 1981), Madison App. No. CA734, unreported, at 2-3, 1981 Ohio App. LEXIS 14223 (holding that the ward had no standing to challenge a petition to sell her real estate because once a guardian ad litem was appointed, the guardian adlitem represents the ward in the proceedings).
For all of the above reasons, assignments of error eleven through fifteen are not well-taken.
We now consider the fifth assignment of error. Here, appellant claims that the probate court failed to carefully review its proceedings before confirming the sale of the real estate as required under R.C. 2127.35. We note that per our preceding discussion, we proceed to address those appellate issues which arose after the order of sale.
An appellate court will not reverse a trial court's confirmation of a sale absent an abuse of discretion. Michigan Mtge. Corp. v. Oakley
(1980), 68 Ohio App.2d 83, 84-85. As such, the trial court is required to "fully examine the proceedings, and, if they are regular, the sale must be confirmed." Merkle v. Merkle (1961), 116 Ohio App. 370, 371
citing Ohio Life Ins. Trust Co. v. Goodin (1860), 10 Ohio St. 557. We note that "an order confirming a sale is [also] a final order and appealable." Citizens Loan Sav. Co. v. Stone (1965), 1 Ohio App.2d 551,552.
R.C. 2127.35 governs the confirmation of sale in this matter and requires the trial court to confirm the sale if the sale had been conducted in a legal manner:
 "An executor, administrator, or guardian shall make return of his proceedings under the order for the sale of real estate granted by the probate court. The court, after careful examination, if satisfied that the sale has in all respects been legally made, shall confirm the sale, and order the executor, administrator, or guardian to make a deed to the purchaser.
"* * *" (Emphasis added.)
 After a careful review of the record, we determine that appellant has failed to demonstrate how the probate court erred in confirming the sale of the ward's real property. While appellant suggests "[a]nother purchaser was willing to pay more[,]" and that the property was not sold at a fair market value, these allegations are not supported by the trial record.[7] Furthermore, there is no evidence in the record to indicate that the sale was conducted in an unfair or illegal manner. Accordingly, we hold that the probate court did not abuse its discretion in confirming the sale of the ward's real property. Therefore, the fifth assignment of error is without merit.
We will address the sixth assignment of error in the same manner. Appellant seems to contend that the probate court failed to issue any order authorizing a private sale. Contrary to appellant's assertion, a close review of the record reveals that on December 15, 1998, the probate court issued an order of private sale pursuant to R.C. 2127.29 through R.C. 2127.32. Thereafter, on February 4, 2000, appellee filed a return and a report of private sale, along with an affidavit, stating that the ward's real property was sold for $45,000. Appellant's sixth assignment of error is, therefore, without merit.
Now we return the first assignment of error. Therein, appellant seems to suggest that the judgment entry confirming the sale was rubber-stamped rather than signed by the probate court judge. According to appellant, an appellate court cannot accept a rubber stamp in lieu of a judge's signature. If the probate court judge did not sign the judgment entry, then it is not a final appealable order. In re Mitchel (1994),93 Ohio App.3d 153, 154.
While this court did not believe that a rubber stamp was used, we remanded this case and ordered the probate court to prepare a judgment entry indicating whether a rubber stamp had been used in lieu of an actual signature in order to determine whether we had a final appealable order for appellate purposes. On April 9, 2001, the probate court issued a judgment entry stating that the order confirming the sale of the ward's real estate was, indeed, signed and not rubber-stamped. Therefore, appellant's first assignment of error is without merit.
Turning to the second assignment of error, appellant contends that the probate court erred when it excluded him from the proceedings by failing to appoint a guardian ad litem as the court believed him to be incompetent. The record is devoid of any evidence that the probate court expressed any belief that appellant was incompetent. The second assignment of error lacks merit.
Because the third and fourth assignments of error concern the probate court's decision to strike appellant's motion for enlargement of time to answer the complaint, we will consider these assignments in a consolidated manner. According to appellant, he demonstrated excusable neglect in his motion by claiming that he had a severe sinus infection for which he obtained a prescription. Further, appellant suggests that when the probate court refused to grant his motion, his constitutional rights to petition for redress and due process were violated.
Civ.R. 6(B)(2) is applicable to the case at hand as appellant failed to request an extension before the twenty-eight day period to answer the complaint expired. Civ.R. 12(A)(1). In general, Civ.R. 6 permits a defendant to file an answer late. Specifically, Civ.R. 6(B)(2) provides that:
 "When by these rules * * * an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect[.]" (Emphasis added.)
 A determination under Civ.R. 6(B) rests within sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion. Evans v. Chapman (1986), 28 Ohio St.3d 132, 135. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Rock v. Cabral (1993), 67 Ohio St.3d 108, 112; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. To determine whether a defendant's conduct constitutes "excusable neglect," all of the surrounding facts and circumstances must be considered. Marion Prod. Credit Ass'n v. Cochran
(1988), 40 Ohio St.3d 265, 271.
A review of the record in this case shows that the complaint and summons were served to appellant on March 5, 1998. As mentioned above, Civ.R. 12(A)(1) provides that appellant had twenty-eight days, or until April 2, 1998, to submit an answer. On April 3, 1998, the twenty-ninth day after service, appellant submitted a motion to enlarge the time by thirty days in which to respond to the complaint on the basis that he was suffering from a severe sinus infection.
While the probate court made reference to appellant's suspension from the practice of law in its judgment entry, we do not view this to be a valid reason for denying appellant's motion for enlargement of time. Nevertheless, a reviewing court passes only upon the correctness of the judgment, not the reasons thereof. Joyce v. Gen. Motors Corp. (1990),49 Ohio St.3d 93, 96; Ross v. Trumbull Cty. Child Support EnforcementAgency (Feb. 9, 2001), Trumbull App. No. 2000-T-0025, unreported, at 24, 2001 Ohio App. LEXIS 495. Thus, an appellate court must affirm a trial court's judgment if, upon review, any valid grounds are found to support it. Joyce at 96; Ross at 25.
Appellant's motion for enlargement of time should not have been denied simply because he was suspended from the practice of law as he was also representing himself in this proceeding.[8] However, his motion was properly rejected because he did not demonstrate excusable neglect as required by Civ.R. 6(B)(2). Assuming arguendo that appellant was ill with a sinus infection during the time in which the answer was due, without further extenuating circumstances, such an argument, in our mind, does not constitute excusable neglect.[9] Thus, we are affirming the probate court's judgment but for different reasons than those set forth by the court. Furthermore, we emphasize that our resolution of appellant's third and fourth assignment of error primarily turns upon the abuse of discretion standard of review and a case by case analysis. Accordingly, the third and fourth assignments of error are not well-taken.
Based on the foregoing analysis, all of appellant's assignments of error are without merit, and the judgment of the probate court is, hereby, affirmed.
 ___________________________________ PRESIDING JUDGE WILLIAM M. O'NEILL __________________________ JUDGE JUDITH A. CHRISTLEY
 ________________________ JUDGE DIANE V. GRENDELL
[1] The ward, Rose Mogul, is the mother of appellant.
[2] In a judgment entry dated May 8, 2000, this court granted appellant's motion to substitute Sky Financial Group, Inc., as the plaintiff-appellee for Mahoning National Bank in this appeal due to Sky Financial Group, Inc.'s acquisition of Mahoning National Bankcorp, Inc.
[3] The only answer filed in this action was by the Treasurer of Trumbull County ("the Treasurer"). In their answer, the Treasurer admitted to having an interest and claim against the property for real estate tax in the amount of $219.14.
[4] Attached to the motion for enlargement of time was a copy of appellant's prescription for the sinus infection.
[5] In his notice of appeal, appellant challenged the following orders: (1) the judgment entry dated April 7, 1998, wherein the probate court denied appellant's motion for enlargement of time to answer the complaint; (2) the judgment entry of December 14, 1998, ordering the sale of the ward's real estate; and (3) the judgment entry of February 7, 2000, confirming the sale of the property.
[6] McNally is the guardian of the person while appellee is the guardian of the ward's estate.
[7] In his motion to amend his assignments of error and motion to take judicial notice, appellant made reference to certain document exhibits. However, his motion was denied pursuant to a May 1, 2001 judgment entry issued by this court. Thus, this court cannot consider these exhibits on appeal. Even if appellant's motion had not been denied, the record indicates that the probate court did not have the benefit of these documents. Since the probate court did not have the opportunity to review these documents, we will not consider them on appeal. App.R. 9(A).
[8] Arguably, the claims of the other defendants purportedly represented by him could have been stricken.
[9] Appellant made no claim that his illness was incapacitating and offered no evidential submission in that regard.