DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, National Republic Bank of Chicago, appeals a judgment from the Summit County Court of Common Pleas denying Appellant's motion to set aside a sheriff's sale of real estate. We affirm.
 I. {¶ 2} On June 6, 2003, the Summit County Sheriff conducted a foreclosure sale, auctioning certain parcels of real estate including a motel located at 3211 Massillon Road, Akron, Ohio ("the property"). At the time of the foreclosure sale, there were liens against the property including a second mortgage held by Appellant. Prior to the sale, the property appraised at $426,000; pursuant to R.C. 2329.20, the minimum allowable bid at the foreclosure sale was $284,000. At the sale, several bidders participated in the sale of the property; the highest and final bid obtained for the property was $650,000. The sale price was sufficient to satisfy the first mortgage and a portion of the second mortgage; however, after the sale, Appellant's unsatisfied balance on its mortgage note remained at over $100,000.
 {¶ 3} Appellant moved the trial court to set aside the sale, claiming that Appellant's representative and a third party, Champakbhai "Charlie" Patel, had both intended to bid up to $800,000 for the property, but were detained by traffic tie-ups and arrived ten minutes late to the 10 A.M. sale. Therefore, Appellant argues, the sale should be set aside to allow both Appellant and Patel to increase the bidding so that Appellant may recover the full amount owed on the second mortgage. The trial court conducted a hearing on the motion, ultimately denied it, and entered judgment confirming the sale. Appellant appealed raising three assignments of error.
 II. Assignment of Error No. 1
"The trial court abused its discretion by failing to set aside and confirming the june 6, 2003 sheriff's sale when appellant's motion was timely and a new sale would result in a substantially higher purchase price for the property."
 {¶ 4} In this first assignment of error, Appellant argues that when a motion to set aside a foreclosure sale is timely filed, and a new sale would result in a higher purchase price, then the trial court abuses it discretion in refusing to set aside the sale.
 {¶ 5} Foreclosure executions against property are governed by R.C. 2329.01, et seq. Once a sale is complete, R.C. 2329.31
requires the court of common pleas to confirm the sale, provided the court finds "that the sale was made, in all respects, in conformity with sections 2329.01 to 2329.61, inclusive, of the Revised Code[.]" "While the statute speaks in mandatory terms, it has long been recognized that the trial court has discretion to grant or deny confirmation[.]" Ohio Sav. Bank v. Ambrose
(1990), 56 Ohio St.3d 53, 55; see, also, Michigan Mtge. Corp. v.Oakley (1980), 68 Ohio App.2d 83, at paragraph two of the syllabus; Reed v. Radigan (1884), 42 Ohio St. 292, 294. "`Whether a judicial sale should be confirmed or set aside is within the sound discretion of the trial court.'" Ohio Sav.Bank, 56 Ohio St.3d, at 55, quoting Michigan Mrge. Corp,
68 Ohio App.2d, at paragraph two of the syllabus. Therefore, we review for an abuse of discretion; an abuse of discretion is more than mere error; it must involve "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 6} Appellant does not argue that the sale was not in compliance with the statute. The common pleas court decision underlines the regularity of the sale, stating,
"Proper notice of the sale was advertised and given to all parties. The sale was conducted in conformity with applicable law and at the proper time and location. During the sale three bidders actively bid. The minimum bid was $284,000 with the appraised value of $426,000. The highest and final bid was $650,000. * * * The sale price is substantially higher than the appraised value of the property. The court cannot conclude that it is necessary to set the sale aside for protection of the interests of creditors where a sale which is regular in all respects results in a sale price substantially higher than the appraised value. The participation of parties in fair and open bidding at a sheriff's sale is a matter of public interest. If a successful bidder in good faith can have a sale set aside simply because another potential bidder arrives late and decides he would have bid higher and wants a second chance, then no bid can be awarded with confidence at a sale."
 {¶ 7} "The appellate courts have upheld the trial court's discretion in a variety of situations." Michigan Mtge. Corp. v.Oakley, 68 Ohio App.2d, at 85. For example, the Michigan Mtge.
court upheld the trial court's decision to set aside a sale where there was one bidder and the sale price was two thirds of the appraised value. In contrast, the appellate court in ChaseManhattan Mtge. Corp v. Koan, 6th Dist. No H-02-011, 2002-Ohio-6182, upheld the trial court's decision to confirm a sale although, as in Michigan Mtge., there was one bidder and the bid price was the minimum two thirds of the appraised value. Appellant relies upon American S. L. Assn. v. Taylor (July 31, 1985), 12th Dist. No. CA85-02-015, a per curiam decision, wherein a sale was confirmed by the trial court; the appeals court reversed because one of the two bidders (a creditor bidding the minimum) mistakenly believed that he had purchased the property, when a second bidder beat his bid by $1.00. The total sale price was the minimum bid plus the $1.00 and thereby the appellant creditor inadvertently lost $10,000. The appeals court stated, "the primary object of judicial sales is to raise money due the creditor, * * * not to allow the property to be sacrificed at a price significantly below its market value[.]" Appellant further relies upon Chase Manhattan Mtge. for the proposition that "courts in Ohio examine the difference between what property sells for at a judicial sale and the amount of indebtedness to the mortgagor when determining whether to set aside a sale." Chase Manhattan Mtge., at ¶ 18. The case continues, however, to point out that the court looks at other factors as well, including, as Appellant argues, the timeliness of the motion to set aside and the likelihood that a higher bid could be received by vacating a sale. Chase Manhattan Mtge. is useful for suggested factors to be considered; however, the appellate court in Anchor Sav. Bank v. Hudson (1980), 5th. Dist. No. CA-1876 held that the trial court abused its discretion in refusing to confirm a sale where the sale was in all respects regular and in accordance with the law, and the bid was sufficient to be lawful. The Anchor court, holding that "[t]he broad discretion of the trial court to supervise such sales is not boundless[,]" found no good cause to set aside a sale where the mortgage holder's agent failed to appear to bid through his own mistake or inadvertence.
 {¶ 8} The exercise of the trial court's discretion "must be bottomed upon the factual situations surrounding each sale."Merkle v. Merkle (1961), 116 Ohio App. 370, 372. The sole question in this assignment of error is whether, based on the facts of the particular case before us, the trial court committed an abuse of discretion in confirming the sale of the property. In this case, the property did not sell for a sacrificial amount, but sold for significantly more than both the minimum bid and the appraised value of the property. In all other respects, the sale was regular and the bidding was active among several participants. The agent's failure and Charlie Patel's failure to arrive in time to bid, under these facts, is not good cause to set aside the sale. We find no abuse of discretion in the trial court's judgment of confirmation. Appellant's first assignment of error is overruled.
 Assignment of Error No. 2
"The trial court abused its discretion by finding that appellant and Charlie Patel would not be ready, willing and able bidders at a second Sheriff's sale against the uncontroverted evidence."
 Assignment of Error No. 3
"The trial court abused its discretion by finding that there was collusion between appellant and charlie patel regarding bidding for the sheriff's sale."
 {¶ 9} In the second and third assignments of error, Appellant take exception to the trial court's fact-finding regarding Charlie Patel's relationship with Appellant and whether Appellant and Patel would be ready, willing and able bidders at a second sale. Even assuming arguendo that Appellant is correct, that Patel and Appellant were not in collusion or that both were willing, able and ready bidders has no effect upon the ruling that there was no abuse of discretion in the trial court's decision to confirm the sale under the first assignment of error. Therefore, these arguments are moot and we decline to address them. See App.R 12(A)(1)(c).
 III. {¶ 10} Appellant's first assignment of error is overruled. We decline to address Appellant's second and third assignments of error. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Slaby, J. and Batchelder, J. concur.