**CITIMORTGAGE, INC., Plaintiff,**

v.

**BASTIN et al., Defendants.**

2007-Ohio-5848.]

Court of Common Pleas of Ohio,
Clermont County.

No. 2006 CVE 2020.

Decided Sept. 4, 2007.

Nichols, Speidel & Nichols and Thomas Flessa; and Patrick D. Hendershott, for plaintiff.

Bruce Gilster; and Manley, Deas, Kochalski, L.L.C., and John R. Cummins, for defendant Associates Home Equity Services, Inc.

Kelly & Wallace, L.P.A., and Bruce Wallace, for Clinton Fields.

HADDAD, Judge.

{¶ 1} This matter came before the court on August 24, 2007, pursuant to a motion for an order allowing plaintiff to increase its bid filed by the plaintiff, CitiMortgage, Inc. The plaintiff was represented by attorney Thomas Flessa. Defendant Associates Home Equity Services, Inc., was represented by attorney Bruce Gilster. The third-party purchaser, Clinton Fields, was represented by attorney Bruce Wallace. No affidavits, sworn testimony, or other evidence was presented to the court. Upon hearing arguments on the motion, the court took the matter under advisement and now renders the following decision.

## FINDINGS OF FACT

{¶ 2} The plaintiff, CitiMortgage, Inc., filed a complaint in foreclosure against the defendant, Deborah Bastin, on December 22, 2006. CitiMortgage obtained a judgment and decree in foreclosure against Bastin on April 30, 2007. The court found that CitiMortgage was owed the sum of $78,470.88, plus interest at the rate of 14.43 percent from and after September 1, 2006. An order of sale was filed in this case on May 8, 2007, with instructions to the sheriff that the property subject to this foreclosure was to be offered at a public sale. The sheriff, in compliance with the Ohio Revised Code, had the property appraised, with the appraised value of the property being $150,000. The sale was scheduled to be held on July 10, 2007, at 10:00 a.m., and was advertised in the Clermont Sun, Clermont County, Ohio, for three consecutive weeks as required by the statute. The sale was in fact held on July 10, 2007, with Clinton Fields purchasing the property for $107,000. The order of sale was returned to the clerk's office on July 16, 2007.

{¶ 3} The plaintiff requested that the court issue an order allowing the plaintiff to increase its bid on the property to $129,900. The plaintiff had a sales representative present at the sheriff's sale, and the representative was given bidding instructions that authorized a maximum bid of $100,927.21. The plaintiff decided on the morning of the sale to increase its maximum bid to $129,900, but was unable to communicate the revised instructions to its representative. According to the plaintiff, by allowing it to increase its bid, the court would reduce the amount of deficiency judgment against Bastin and protect the interests of the plaintiff. It is the plaintiff's desire that this court instruct the sheriff to return the order of sale showing a $129,900 bid by the plaintiff.

## LEGAL ANALYSIS

{¶ 4} The court would first like to note that the parties do not dispute that the sheriff's sale was performed in accordance with R.C. 2329.01 to 2329.61. The

court further notes that it will not allow the plaintiff's proposed bid to be reflected on the order of sale. The only bid that appears on an order of sale is the highest bid achieved at the sale. The court finds that it would essentially allow the plaintiff to purchase the property unopposed if it were to grant the plaintiff's request. This is something that the court is not willing to do, absent setting aside the sale and ordering a new sale of the property.

{¶ 5} The plaintiff argued that this motion is perhaps best read as a motion to set aside the sheriff's sale, although it is not worded as such. The decision whether to set aside a sheriff's sale is left to the sound discretion of the trial court. *Harris Trust & Sav. Bank v. Natl. Republic Bank of Chicago,* Summit App. No. 21668, 2004-Ohio-1602, 2004 WL 625799, ¶ 5, citing *Ohio Sav. Bank v. Ambrose* (1990), 56 Ohio St.3d 53, 55, 563 N.E.2d 1388. See, also, *Atlantic Mtge. & Invest. Corp. v. Sayers* (Mar. 1, 2002), Ashtabula App. No. 2000–A–0081, 2002 WL 331734, at *2. Once a sale is complete, R.C. 2329.31 requires the court to confirm the sale, provided "that the sale was made, in all respects, in conformity with sections 2329.01 to 2329.61, inclusive, of the Revised Code." *Harris Trust & Sav. Bank* at ¶ 5, quoting *Ohio Sav. Bank,* 56 Ohio St.3d at 55, 563 N.E.2d 1388. It is not disputed that the sheriff's sale was performed in compliance with the statute.

{¶ 6} In determining whether to set aside a sheriff's sale, the court will consider the following factors: the difference between the selling price of the property at the sheriff's sale and the amount of indebtedness of the mortgagor, the timeliness of the motion to set aside the sale, and the likelihood that a higher bid could be received by vacating the sale. *Chase Manhattan Mtge. Corp. v. Koan,* Huron App. No. H–02–011, 2002-Ohio-6182, 2002 WL 31521435, ¶ 18–19. In addition to these factors, the court will also consider whether there was more than one active bidder at the sale. *Harris Trust & Sav. Bank* at ¶ 6, 8.

{¶ 7} The court finds that the $107,000 selling price for the property exceeds the amount of indebtedness to the plaintiff; however, no evidence of the defendant's indebtedness to other creditors was presented to this court. Therefore, the court is unable to determine, based upon the evidence before it, the difference between the amount the property sold for at the sheriff's sale and the amount of total indebtedness of the defendant Bastin, if any. The court also finds that this motion to set aside the sale was timely made. The sale occurred on July 10, 2007, with the order of sale returned to the clerk on July 16, 2007. The plaintiff filed its motion on July 18, 2007, only two days after the order of sale was returned. The court further finds that a higher bid would be received by vacating the sale as the plaintiff indicates that it would be willing to bid $129,900. Finally, the court finds that there were at least two active bidders at this auction, namely the third-party purchaser, Clinton Fields, and the plaintiff's

representative. The court notes that two of the four factors weigh in favor of denying plaintiff's motion to set aside the sale.

{¶ 8} The plaintiff argues that by allowing it to increase its bid, the court would reduce the amount of deficiency judgment against Bastin as well as increase the amount of the plaintiff's recovery. The court notes that the "primary object of judicial sales is to raise the money due the creditor, * * * not to allow the property to be sacrificed at a price significantly below its market value." *Am. Sav. & Loan Assn. v. Taylor* (July 31, 1985), Butler App. No. CA85–02–015, 1985 WL 7691. However, "the broad discretion of the trial court to supervise such sales is not boundless." *Harris Trust & Sav. Bank*, 2004-Ohio-1602, 2004 WL 625799, at ¶ 7. The court's discretion "must be bottomed upon the factual situations surrounding each sale." *Taylor* at *1, quoting *Merkle v. Merkle* (1961), 116 Ohio App. 370, 372, 22 O.O.2d 202, 188 N.E.2d 170. See, also, *Harris Trust & Sav. Bank* at ¶ 8, citing *Merkle*. While it may be true that more money would be available to the defendant's creditors if the plaintiff is permitted to increase its bid, the court finds that allowing it in this case would be against the public interest. "If a successful bidder in good faith can have a sale set aside simply because another potential bidder * * * decides he would have bid higher and wants a second chance, then no bid can be awarded with confidence at a sale." *Harris Trust & Sav. Bank*, 2004-Ohio-1602, 2004 WL 625799, at ¶ 6.

{¶ 9} The Eleventh District Court of Appeals has had the opportunity to rule on facts that are similar to this case in *Atlantic Mtge. & Invest. Corp. v. Sayers*, Ashtabula App. No. 2000–A–0081, 2002 WL 331734. In that case, the appellee was the successful bidder, with a bid of $82,000. The appellant sought to set aside the sheriff's sale, claiming that it would have bid more had it had a representative present. The attorney who was to bid on behalf of the appellant was five minutes late for the sale, and, as a result, no bid was placed on behalf of the appellant. The appellant argued that the sale should be set aside because, due to circumstances beyond his control, he was unable to submit a bid. The attorney arrived late, but the sale had already concluded. Further, he had no bidding instructions because the instructions were forwarded, via facsimile, to his office at 10:00 a.m. on the morning of the sale. The trial court denied the appellant's motion to set aside the sale and the court of appeals affirmed, finding that the trial court "did not act arbitrarily, unconscionably, or unreasonably when it denied appellant's motion to set aside the sheriff's sale." *Sayers* at *2. The court found that the appellant and its attorney knew in advance that the sale would take place on the given date. The appellant postponed communicating the bidding instructions to its attorney until two hours before the sale. Further, no alternate arrangements were made in the event that the attorney could not attend the sale. The court, therefore, found no good reason to set aside the sale.

{¶ 10} In *Harris Trust & Sav. Bank,* 2004-Ohio-1602, 2004 WL 625799, several bidders participated in the sale of the property, and the highest and final bid was $650,000. The sale was sufficient to satisfy the first mortgage and a portion of the second mortgage; however, the unsatisfied balance of the second mortgage was over $100,000. The appellant filed a motion to set aside the sale, claiming that appellant's representative and a third party both intended to bid up to $800,000. These individuals arrived ten minutes late for the sale and were unable to bid. The appellant argued that it should be allowed to increase the bid so that it could recover the full amount owed on the second mortgage. The trial court denied the appellant's motion and the court of appeals affirmed. The court found that the property sold for more than both the minimum bid and the appraised value. The sale was regular and the bidding was active among several participants. The court found that the failure of the representative and the third party to arrive on time was not good cause to set aside the sale.

{¶ 11} The court finds that the sale of Bastin's property was performed in accordance with the Ohio Revised Code. The bidding was active among at least two participants, i.e., the representative and the third-party purchaser, and the property sold for an amount greater than the minimum bid. The court further finds that the plaintiff knew in advance that the sale would take place on the given date. The plaintiff postponed revising the bidding instructions until the morning of the sale and, therefore, ran the risk of not communicating the change to its representative. The plaintiff argues that by increasing its bid, it will decrease the deficiency judgment against the debtor as well as increase the amount of plaintiff's recovery. The court notes that the plaintiff was not concerned with this issue when it originally authorized a maximum bid of $100,927.21. The fact that the plaintiff decided to increase its maximum bid to $129,900 on the morning of the sale, but failed to communicate its decision to its representative, is simply a lack of planning and is not good cause to set aside the sale.

{¶ 12} The court notes that there is a case out of the Twelfth District Court of Appeals, *Am. Sav. & Loan Assn. v. Taylor* (July 31, 1985), Butler App. No. CA85-02-015, 1985 WL 7691, in which the court of appeals found that the trial court abused its discretion by refusing to vacate a sale on the grounds of mistake. In that case, bidding was opened at two-thirds of the appraised value of the property, or $14,000. Appellant's representative made an opening bid of $14,000. Appellee subsequently bid $14,100 and there were no other bids. Appellant's representative alleged that he was distracted and did not hear the higher bid, thus causing him to believe that he had purchased the property for $14,000. When he realized his mistake, he approached the deputy and demanded that the sale be rescinded. The deputy refused. The appellant then attempted to have

the sale vacated on the grounds of mistake and inadvertence. The trial court denied his motion and the court of appeals reversed.

{¶ 13} The court notes that this case is different than *Taylor* since in this case, the plaintiff's representative did not make a mistake or inadvertently bid a lesser amount. The representative bid the maximum amount that he was authorized to bid. When the bid increased to an amount higher than $100,927.21, the representative did not bid because he was not authorized to bid higher. Had he actually been authorized to bid higher and failed to do so because he did not hear Mr. Fields's bid, then the court might find that the sale should be set aside due to mistake and inadvertence; however, this is simply not the case. The plaintiff's failure to submit a higher bid in this case is a direct result of a lack of planning and not a result of mistake or inadvertence on the part of the representative.

## CONCLUSION

{¶ 14} In light of the foregoing analysis, the court finds no good cause to set aside the sale. The court hereby denies plaintiff's motion for an order allowing plaintiff to increase its bid. Further, the court denies the plaintiff's request to set aside the sheriff's sale.

{¶ 15} It is ordered that this decision shall serve as the judgment entry in this matter.

{¶ 16} It is further ordered, that the court finds no just cause for delay.

Motion denied.